**Zaman DANESH, Appellant,**

v.

**HOUSTON HEALTH CLUBS, INC., Appellee.**

**No. 01–92–01254–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1993.

Rehearing Denied Aug. 19, 1993.

Joseph A. McDermott, III, Houston, for appellant.

Charles Seymore, Gary M. Pritchard, Houston, for appellee.

Before COHEN, O'CONNOR and PRICE[1], JJ.

## OPINION

COHEN, Justice.

This is an appeal from a take-nothing summary judgment for the defendant, Houston Health Clubs, Inc. (Health Club), in a personal injury case. The trial judge ruled that Danesh's claim was barred by limitations. We reverse and remand.

Danesh belonged to a health club operated by the defendant. On October 17, 1989, she slipped and fell there. On October 14, 1991, Danesh mailed her original petition to the district clerk. On October 18, 1991, the district clerk filed the petition.

Health Club contended the suit was barred by Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986), which provides a two-year limitations period for "bringing suit" in personal injury claims. Danesh argued that pursuant to Tex.R.Civ.P. 5, her petition was timely filed because she mailed it on October 14, 1991, three days before limitations expired. Thus, Danesh contends the trial judge erred in granting summary judgment.

The parties agree that 1) the claim accrued on October 17, 1989; 2) the deadline to sue was Thursday, October 17, 1991; and 3) the suit was file stamped by the district clerk on October 18, 1991, two years and a day after the claim accrued.

Danesh contends that under rule 5, her petition should be considered "filed" with the district clerk on the day it was mailed,

not the day it was received. Rule 5 provides, in pertinent part:

> If *any document* is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, *the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed on time.* A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Tex.R.Civ.P. 5 (emphasis added). It is undisputed that Danesh met the requirements of Rule 5.

Health Club contends that applying rule 5 would impermissibly extend the statute of limitations established by the legislature. For support, Health Club relies on *Kirkpatrick v. Hurst,* 484 S.W.2d 587 (Tex. 1972). In *Kirkpatrick,* the plaintiff filed suit one day after the two year statute expired. On appeal, she argued that because the last day of the limitation period fell on a legal holiday, January 1, Tex. R.Civ.P. 4 applied to extend the period until January 2, the next business day. *Id.* at 588–89. The supreme court disagreed, however, and held that the rules of civil procedure could not extend the limitations period prescribed by the legislature. *Id.* at 589.

*Kirkpatrick* is no longer good law. It has been overruled by statutes and by case law. "If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business." Tex.Civ.Prac. & Rem.Code Ann. § 16.072 (Vernon 1986). The same provision is found in the Code Construction Act, Tex.Gov't Code Ann. § 311.014(b) (Vernon 1988). The supreme court has implicitly overruled *Kirkpatrick* by reaching the opposite result in *Martinez v. Windsor Park Development Co.,* 833 S.W.2d 950,

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

951 (Tex.1992). That does not decide this case, however, because here the last day to file was Thursday, October 17, 1991, which was not a holiday.

This case differs from *Kirkpatrick* because Danesh took action (mailing her petition) before the limitations period expired, while *Kirkpatrick* did nothing until after limitations expired. Danesh does not need to extend the limitations period because she "filed" her suit before it expired. Rule 5 allows a party to file "any document" by *timely* mailing it to the district clerk. Once its requirements are met, rule 5 makes the post office a branch of the district clerk's office for purposes of filing. Thus, rule 5 does not extend the substantive limitations period of section 16.003(a). Rather, it defines what constitutes "bringing suit" within the meaning of section 16.003(a).

Health Club contends that rule 5 does not apply because by its first paragraph, it pertains only to notices required by the rules of civil procedure or by court order, and an original petition is neither.[2] We agree that the first paragraph applies only to such notices; however, the provision we have relied on is in the second paragraph. The first paragraph deals with a different subject than the second paragraph—when a judge may allow documents to be filed after the time limits set by the rules. The second paragraph determines the legal effect of action taken *before* the last day to file. We see no conflict. Section 16.003 says when a person must "bring suit," a matter of substantive law. Rule 5 defines what conduct constitutes "bringing suit," a matter of procedure that is within the power of the supreme court to define by rule and that does not impermissibly alter the substantive law of the state.

Danesh was required to "bring suit" within two years, and she did so by mailing

her petition properly on October 14, 1991. We hold the trial judge erred in granting summary judgment.

We sustain point of error one.

The judgment is reversed, and the cause is remanded.

---

2. The first paragraph of rule 5 provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act. The court may not enlarge the period for taking action under these rules relating to new trials except as stated in these rules.