David MILAM, An Individual d/b/a
Ostrich of Texas, Appellant,

v.

Eddie MILLER, An Individual and Carl
Galub, An Individual, Appellees.

No. 07–93–0161–CV.

Court of Appeals of Texas,
Amarillo.

July 7, 1994.

Order Overruling Motion
for Rehearing July 28, 1994.

Don R. Cantrell, Houston, for appellant.

Philip R. Russ, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON
and BOYD, JJ.

DODSON, Justice.

The issue presented by this appeal is whether an answer mailed at a post office prior to the answer deadline is timely filed under Texas Rule of Civil Procedure 5 even though received by the clerk's office after the deadline.[1] Plaintiffs Eddie Miller and Carl Galub (collectively referred to as Miller) sued David Milam, an individual doing business as Ostrich of Texas (Milam), for actual contractual and consequential damages. The trial court rendered a no answer default judgment against Milam for $100,000. We reverse and remand.[2]

Miller filed his original petition on March 12, 1993. The original petition was sent to Milam by certified mail. Milam was served with process when he received the petition and signed the certified mail receipt on March 18, 1993. Milam's answer was due to be filed on April 12, 1993 by 10:00 a.m. On April 12, 1993, the trial court granted Miller a no answer default judgment, which was filed with the clerk's office at 11:25 a.m. Milam's answer bears a file mark of April 15, 1993.

At the new trial hearing, Don Cantrell, Milam's attorney, testified that he placed the answer in the mail with the United States Postal Service at the main post office in Houston, Texas. Cantrell further testified that he placed it in the mail at 8:30 a.m. on April 12, 1993. The certified return receipt

---

1. All references to Rule 5 are to Rule 5 of the Texas Rules of Civil Procedure.

2. At oral argument, Miller conceded that the judgment should be reversed and the cause re-

manded if *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535 (Tex.App.—Houston [1st Dist.] 1993, writ ref'd) is applicable.

and certified mail receipt, along with other documents, were admitted into evidence. The record shows that the two page answer, accompanied by a one page cover letter, was sent to the Potter County District Clerk at the correct address. The certified mail receipt reveals that the postage was fifty-two cents and the certified mail charge was two dollars. The certified return receipt shows that the answer and accompanying letter were received by the clerk's office on April 15, 1993.

By his sole point of error, Milam contends the trial court erred in granting Miller's motion for default judgment because Milam had timely filed an answer. We agree.

Rule 5 provides in pertinent part:

If *any document* is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, *the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time.* A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing. (Emphasis added).

■ According to its express terms, Rule 5 applies to "any document." This includes original pleadings. *Danesh v. Houston Health Clubs, Inc.,* 859 S.W.2d 535 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd). Rule 5 does not enlarge the time in which to file a pleading (*i.e.,* an answer). Rather, it defines what constitutes a proper and timely filed pleading. *Id.* Thus, once the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings. *Id.*

Here, the uncontroverted record shows Milam was required to answer Miller's lawsuit by 10:00 a.m. on April 12, 1993. Milam mailed his answer at 8:30 a.m. on April 12, 1993, which was before the answer deadline. Milam sent the answer to the District and County Court at Law Clerk for civil filings by first class certified mail, United States Postal Service. The accompanying letter, properly addressed and stamped, was received by the Potter County District Clerk's

Office and file marked on April 15, 1993, well within ten days after mailing the answer. Consequently, Milam's answer was timely filed because it was deemed filed, under Rule 5, at 8:30 a.m., on April 12, 1993 (*i.e.,* the time it was deposited in the mail), prior to Miller's taking of the default judgment.

■ Miller argues that even if Milam's answer was timely filed, the trial court correctly overruled Milam's motion for new trial because he failed to satisfy several requirements set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1940). However, *Craddock* only applies to situations where a defendant fails to answer. *Id.* Here, the trial court erroneously rendered a default judgment after Milam had timely filed an answer. *Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989). Consequently, point of error one is sustained.

Accordingly, the judgment is reversed and the cause is remanded to the trial court.

## ON MOTION FOR REHEARING

Among other things, on rehearing Miller and Galub, appellees, claim this Court erred by applying Rule 5, Tex.R.Civ.P. to David Milam's (d/b/a Ostrich of Texas) answer which was mailed on April 12, 1993, at 8:30 a.m. (*i.e.,* the answer date) and was received on April 15, 1993. In essence, appellees simply say that Rule 5 does not apply to an answer in a lawsuit. We disagree.

The Texas Supreme Court has applied the Rule 5 rationale to a notice of intention to appeal from a ruling of the Industrial Accident Board in *Ward v. Charter Oak Fire Ins. Co.,* 579 S.W.2d 909 (Tex.1979); and an insurer's petition in the district court to set aside an award of the Industrial Accident Board in *American Motorists Ins. Co. v. Simecek,* 657 S.W.2d 927 (Tex.App.—Amarillo 1983, writ ref'd.). We are persuaded that Rule 5 and its rationale equally applies to a defendant's answer. The Rule 5 language "... [i]f *any document* is sent to the proper clerk ..." is all inclusive and without general or specific exclusions.

Appellee's motion for rehearing is overruled, and we adhere to our original disposition of this case.