William **THOMAS** d/b/a Sinclair Gas Marketing, Inc., Appellant,

v.

The **GELBER GROUP, INC.,** Appellee.

No. 14–94–00125–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1995.

Ernest L. Cochran, Texarkana, for appellant.

A. Randall Friday, Lawrence Glenn, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

William Thomas, d/b/a Sinclair Gas Marketing ("Thomas"), appeals by writ of error a default judgment on the grounds that: (1) his answer was on file at the time the default judgment was signed; (2) following entry of the default judgment, appellee, The Gelber Group ("Gelber"), knowingly failed to certify Thomas' last known mailing address correctly to the clerk; (3) the return of citation was not properly signed by the officer who executed it; and (4) attorney's fees were not recoverable under the contract between the parties. We reverse and remand.

Gelber filed suit against Thomas for breach of a gas purchase contract. Thomas was served with citation on June 21, 1993. He filed no answer by July 12, the date due, and on July 22, Gelber filed a motion for default judgment. Thomas allegedly sent his answer by first-class mail on July 26, and the envelope in which the answer was sent was allegedly postmarked July 27. The trial court held a hearing and signed a default judgment in favor of Gelber on July 29. Thomas' answer was received in the clerk's office on the following day, July 30.

The Harris County Clerk sent Thomas notice of the judgment on August 5, 1993. However, Thomas' address was incorrectly certified. Thomas filed no motion for new trial, and filed this appeal by writ of error [1] on January 27, 1994.

In the first of his four points of error, Thomas claims that the default judgment was erroneously granted because, under Rule 5 of the Texas Rules of Civil Procedure, his answer was mailed, and was therefore "filed," two days before the judgment was signed.

A defendant's answer to a plaintiff's petition is to be filed by 10:00 a.m. on the first Monday after the expiration of 20 days from the date of service thereof. Tex.R.Civ.P. 99(b). A document is deemed timely filed if it is: (1) sent to the proper clerk by first-class United States mail; (2) properly addressed and stamped; (3) mailed on or before the "last day for filing same;" and (4) is received by the clerk not more than ten days late. Tex.R.Civ.P. 5. A legible postmark affixed by the United States Postal Service is prima facie evidence of the date of mailing. *Id.*

If a defendant has not filed an answer at any time after he is required to do so, the plaintiff may take a default judgment against him, provided that the return of citation has been on file with the clerk for at least 10 days, excluding the days of filing and judgment. Tex.R.Civ.P. 107, 239. A default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late. Tex.R.Civ.P. 239; *Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex. 1989).

Gelber argues that the record does not establish that Thomas sent his answer by first-class mail, that it was officially postmarked by the United States Postal Service or that it was sent on July 27. We disagree.

The copy of the envelope in the record bears a $0.29 stamp which, in July of 1993, was some evidence that the envelope was sent by first-class mail. Although the postmark does not bear any Postal Service identification, it does reflect a date and the city, Texarkana, in which Thomas' counsel is located. Since the envelope also bears a postage stamp and since the postmark does not reflect a postage amount, it can be inferred that the postmark was not put on the envelope by a private postage meter.

Lastly, there are two postmarks, on one of which the date is wholly illegible, and on the other the date is not clearly legible. On the latter postmark, the first digit of the date

1. As contrasted from an ordinary appeal, an appeal by writ of error: (1) must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982); *see also* Tex.R.App.P. 45.

resembles a "2" more than a "1" or "3," and the second digit resembles a "7" more than any other number, particularly "9."[2] There being no evidence to the contrary, we conclude that this record adequately reflects that Thomas' answer was sent by first-class mail and was postmarked on July 27 in compliance with Rule 5.

 The issue then becomes whether, for purposes of Rule 5, the "last day for filing" an answer is the date calculated under Rule 99(b) or, alternatively, a later date, such as that on which a default judgment is taken. Other courts of appeal seem to differ on this issue. *Compare $429.30 in U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.) (answer mailed on day after due date was not timely filed even though mailed 13 days before, and received same day as, default judgment was rendered); *with Milam v. Miller*, 891 S.W.2d 1, 2 (Tex.App.—Amarillo 1994, writ ref'd) (answer mailed at 8:30 a.m. on date due was timely because "filed" prior to entry of default judgment later that morning).

In applying the language of Rule 5, the date specified in Rule 99(b) is technically not the "last day for filing" an answer, since an answer can be filed with full effect indefinitely thereafter, provided that no default has been taken. Thus, to the extent there is a "last day for filing" an answer, i.e., in order for it to be effective, it would be no earlier than the day preceding that on which a default judgment is taken.[3]

Moreover, it has been observed that once the provisions of Rule 5 are met, the post office becomes a branch of the clerk's office for purposes of filing pleadings. *See Milam v. Miller*, 891 S.W.2d 1, 2 (Tex.App.—Amarillo 1994, writ ref'd); *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1993, writ ref'd). If so, properly depositing an answer in the mail should have the same effect, for purposes of default, as filing it with the clerk. We are not aware of a compelling policy,

legal, or practical reason that Rule 5 should not operate in that manner.

Based on the foregoing, we conclude that Thomas' answer was "filed" by mailing, pursuant to Rule 5, prior to the signing of the default judgment. Accordingly, Thomas' first point of error is sustained, and his other points challenging the default judgment need not be addressed. The judgment of the trial court is reversed and the case is remanded to the trial court.

---

2. As a practical matter, if the first digit is a "2," and the second digit is any number besides "9," then the answer was postmarked before the default judgment was taken on July 29.

3. Depending on the time of day at which a default judgment is taken, that day may be too late to file an answer.