TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00124-CV






Director, Workers' Compensation Division, Appellant



v.



Belinda J. Pampell, Appellee







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 10,848, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING 







PER CURIAM


 At issue is whether the Workers' Compensation Division timely filed its petition with the
Lee County district clerk. By one point of error, the Division contends that the district court erred by
dismissing its appeal of an adverse ruling by an appeals panel of the Texas Workers' Compensation
Commission. The Division contends that pursuant to Texas Rules of Civil Procedure 4 and 5, its petition
should have been deemed timely filed with the district clerk. We will reverse the district court's order of
dismissal and remand the cause to the district court for further proceedings.

 The Commission's appeals panel issued its decision on July 5, 1996. The deadline for the
Division to file a petition in the district court, the fortieth day after the appeals panel filed its decision, was
August 14, 1996. See Tex. Labor Code Ann. § 410.252(a) (West 1996) (party may seek judicial review
by filing suit no later than forty days after date appeals panel decision filed). The district clerk's office
stamped the Division's petition "Filed" on August 27, 1996. Pampell responded by filing an original answer
and motion to dismiss for lack of jurisdiction. (1) Pampell contended that the district court lacked jurisdiction
over the appeal because the Division failed to file its petition timely with the district court. Following a
hearing, the district court dismissed the case for lack of jurisdiction.

 Both parties initially discuss the burden of proof for showing that the petition was timely
filed. When the date of mailing is undisputed, compliance with the other requirements of Rule 5 is
presumed. Southwestern Bell Tel. Co. v. Perez, 904 S.W.2d 817, 822 (Tex. App.--San Antonio 1995,
orig. proceeding). If the non-mailing party disputes compliance in a timely and specific manner, the burden
of producing proof of compliance shifts to the mailing party. Id. In this case, because Pampell timely
disputed compliance with Rule 5, it was the Division's burden to show compliance with Rule 5.

 By its point of error, the Division argues that pursuant to Rule 5, its petition should have
been deemed timely filed with the district clerk. Rule 5 provides in pertinent part:


If any document is sent to the proper clerk by first-class United States mail in an envelope
or wrapper properly addressed and stamped and is deposited in the mail on or before the
last day for filing same, the same, if received by the clerk not more than ten days tardily,
shall be filed by the clerk and be deemed filed in time.



Tex. R. Civ. P. 5 (emphasis added).

 Appellant contends that on August 26, 1996, the post office became a branch of the district
clerk's office. Appellant argues that since (1) the petition was mailed timely on August 14, 1996, and (2)
a second notice of certified mail to be picked up was placed in the district clerk's post box on August 26,
1996, which was the Monday after the expiration of ten days on Saturday, August 24, 1996, appellant met
the requirements of Rule 5, the petition should have been deemed timely, and filed by the district clerk. See
Tex. R. Civ. P. 4 (computing time period allowed by rules, last day of period computed is included unless
Saturday, Sunday or legal holiday, in which event period runs until end of next day not Saturday, Sunday
or legal holiday). 

 Pampell responds that the file stamp of August 27, 1996, is controlling and thus, the petition
was filed late. Pampell contends that the Division mailed the petition too late on August 14, 1996, since
it appears that the petition was not placed into the mail system until after the district clerk's office closed
for the day. Finally, Pampell contends that even under Rule 5, the Division's petition was received by the
clerk's office late.


Timely Mailing


 The Division's counsel testified at the hearing that he mailed the petition at the central Austin
post office by certified mail return receipt requested late in the afternoon of August 14, 1996, the last day
for filing the petition. Additionally, the district court admitted a copy of a dated and time stamped e-mail
message that the Division's counsel sent to a colleague at 5:07 p.m. on August 14, 1996, detailing the
mailing of the petition at the post office. The Lee County District Court did not keep the envelope in which
the petition was mailed; therefore, there exists no postmark as prima facie evidence that the Division mailed
the petition on August 14. Also, the exact time of mailing was not established. Appellant's counsel's
uncontroverted testimony in open court about the date of mailing was sufficient to establish that the petition
was mailed on August 14. See Lofton v. Allstate, 895 S.W.2d 693, 693 (Tex. 1995) (in absence of
proper postmark, attorney's uncontroverted affidavit may be evidence of date of mailing).

 The Division's attorney mailed the petition on the last day for filing, August 14, 1996, as
required by Rule 5. Contrary to Pampell's assertion that the petition had to be mailed before 5:00 p.m.,
if a party is mailing a petition for filing, the rules and Labor Code section 410.252 do not require, nor have
we found any case law suggesting, that the party must mail the document on the last day for filing before
the clerk's office closes. Pampell argues, however, that this is the holding in Milam v. Miller, 891 S.W.2d
1, 2 (Tex. App.--Amarillo 1994, writ ref'd). Initially, we note that at issue in Milam was the timely mailing
and filing of a defendant's answer before the district court entered a default judgment. In a civil case, when
filing an answer, the rules require the defendant to do so by 10:00 a.m. on the Monday after the expiration
of 20 days from the date the defendant was served with citation. Tex. R. Civ. P. 99(b). The Milam court
noted that the defendant established that the answer was mailed at 8:30 a.m., before the default judgment
was filed by the clerk at 11:25 a.m., and the answer bore a file stamp well within the ten days available
under Rule 5. In Milam, the rule required that the answer had to be filed before 10:00 a.m. The Milam
court concluded that since the evidence showed that the answer was mailed before 10:00 a.m. on the last
date for filing it was timely mailed. In the case before us, the date of mailing rather than the time of mailing
is pertinent. The uncontroverted evidence showed that the petition was timely mailed.


Timely Receiving


 The Division submitted as evidence a United States Postal Service form number 3849,
marked "Final Notice." This form is the yellow notification slip placed in postal customers post boxes to
let them know they have certified mail to be picked up at the post office. It is undisputed that this notice
was placed in the Lee County district clerk's post box on Monday, August 26, 1996.

 Leslie Johnson, a worker and part-time supervisor at the United States Post Office in
Giddings, testified that the fact this form was marked Final Notice indicated that sometime before August
26 (not on Sunday, August 25) the post office would have placed in the district clerk's post box a first
notice of certified mail to be picked up. Johnson explained the customary practice at the post office was
that Final Notices are given five days after the first notice of certified mail to be picked up is placed in a
post box. Johnson had no personal knowledge about when or if a first notice was placed in the district
court's post box. Additionally, the post office does not maintain records about when a first notice is placed
in a post box. Johnson stated that no one in the Giddings post office would have marked the pick up slip
"Final Notice" if in fact it had been the first notice.

 The parties did not call any witnesses or present any testimony from anyone in the district
clerk's office. Consequently, there exists no evidence about the customary practices of the Lee County
district clerk's office or when, or if, the clerk ever received a first notice to pick up certified mail.

 Rule 5 does not enlarge the time in which to file a pleading. Milam, 891 S.W.2d at 2. 
Rather, it defines what constitutes a proper and timely filed pleading. Id. An instrument is deemed filed
when it is placed in the custody or control of the clerk. Standard Fire Ins. v. LaCoke, 585 S.W.2d 678,
681 (Tex. 1979). Once the Rule 5 requirements are met, the post office becomes a branch of the district
clerk's office for purposes of filing. Milam, 891 S.W.2d at 2; Danesh v. Houston Health Clubs, Inc.,
859 S.W.2d 535, 537 (Tex. App.--Houston [1st Dist.] 1993, writ ref'd).

 Pampell contends that these cases are inapplicable to the instant case. Pampell argues that
the holdings in these cases were based solely upon a finding in each case that the district clerk's office was
negligent in retrieving the documents from the post office. We agree with Pampell that in these cases the
evidence presented showed that the district clerk acted negligently in some fashion. However, in the case
before us, it cannot be determined whether the district clerk's office acted negligently.

 The overriding concerns a court must consider when interpreting the rules are to seek to
obtain a just, fair, equitable, and impartial adjudication of the litigants' rights under a liberal construction of
the procedural rules and not to use the rules as a trap to prevent unwary litigants from presenting the truth
to the trier of fact. Tex. R. Civ. P. 1. We conclude that the portions of Milam and Danesh holding that
the post office may act as a branch of the district clerk's office are applicable in the case before us. The
Division showed that the petition was mailed on August 14, 1996. Additionally, the Division showed by
uncontroverted evidence that the Final Notice to pick up certified mail was placed in the district clerk's
post box on August 26, 1996, and that customarily the post office would have placed the first notice to pick
up certified mail in the district clerk's post box approximately five days earlier. We hold that as of August
26, 1996, the petition was effectively in the care and control of the district clerk even though not in the
clerk's physical possession. As of August 26, 1996, the post office became a branch of the district clerk's
office for receiving the petition. Since the petition was received by the district clerk's office within the ten
days outlined in Rule 5, it should have been deemed timely filed as of the date of mailing, August 14, 1996.

 We reverse the order of dismissal and remand the cause to the district court for further
proceedings.


Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: September 18, 1997

Do Not Publish

1.   Under the former Workers' Compensation Act, article 8307, section 7, the 20-day filing deadline for
appealing a decision was mandatory and jurisdictional. Morales v. Employers Casualty Co., 897 S.W.2d
866, 868 (Tex. App.--San Antonio 1995, writ denied). The Morales court concluded that there exists
no reason to distinguish between the former 20-day filing deadline and the 40-day filing requirement under
the new law. Id. We agree that the 40-day filing requirement is mandatory and jurisdictional. 


his form is the yellow notification slip placed in postal customers post boxes to
let them know they have certified mail to be picked up at the post office. It is undisputed that this notice
was placed in the Lee County district clerk's post box on Monday, August 26, 1996.

 Leslie Johnson, a worker and part-time supervisor at the United States Post Office in
Giddings, testified that the fact this form was marked Final Notice indicated that sometime before August
26 (not on Sunday, August 25) the post office would have placed in the district clerk's post box a first
notice of certified mail to be picked up. Johnson explained the customary practice at the post office was
that Final Notices are given five days after the first notice of certified mail to be picked up is placed in a
post box. Johnson had no personal knowledge about when or if a first notice was placed in the district
court's post box. Additionally, the post office does not maintain records about when a first notice is placed
in a post box. Johnson stated that no one in the Giddings post office would have marked the pick up slip
"Final Notice" if in fact it had been the first notice.

 The parties did not call any witnesses or present any testimony from anyone in the district
clerk's office. Consequently, there exists no evidence about the customary practices of the Lee County
district clerk's office or when, or if, the clerk ever received