Collins v. Cano






NUMBER 13-00-242-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


RICHARD COLLINS, Appellant,


v.


TILLIE CASILLAS CANO, Appellee.

______________________________________________________________


On appeal from the 148th District Court of Nueces County, Texas.

______________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Castillo

Opinion by Justice Hinojosa


Appellant, Richard Collins, appeals from a post-answer default judgment granted in favor of appellee, Tillie Casillas Cano. 
In fifteen issues, Collins contends: (1) the trial court erred in rendering the post-answer default judgment against him; (2)
the trial court erred in denying his motion for new trial; (3) the trial court lacked subject matter jurisdiction; (4) the
judgment is not supported by the pleadings; (5) Cano's causes of action are barred by limitations; (6) Cano's causes of
action were not proven; (7) the trial court should not have granted a declaratory judgment that Collins engaged in the
unauthorized practice of law; (8) the basis for the counterclaim for declaratory judgment was moot; (8) Texas Rule of Civil
Procedure 13 violations were not proven; (9) the trial court erred in its award of attorney's fees; (10) the trial court erred in
awarding damages for the loss of use of money, severe physical suffering, and emotional anguish; and (11) the trial court
erred in finding that Collins interfered with the sale of real property allegedly owned by Cano and awarding damages for
the interference. We reverse the trial court's judgment and remand for a new trial.

A. Background


1. Cause No. 94-6951-B


On November 18, 1994, Frederica Casillas ("Frederica") sued her husband, Jose Guillermo Casillas ("Jose"), for divorce in
Nueces County in Cause No. 94-6951-B. On December 5, 1995, the court granted a divorce and divided the marital estate. 
In a "Motion for Enforcement and Clarification of Decree of Divorce" filed on January 29, 1996, Frederica asserted that
Jose had refused to transfer certain accounts and convey certain property that the divorce court had awarded her. The
motion was heard on May 3, 1996, and the court signed an order on May 16, 1996. According to the order, the court found
that Jose had violated the divorce decree by:

 


 failing and refusing to execute deeds to four tracts of real estate awarded to Frederica,


 


 failing to execute the necessary transfer documents to financial and investment accounts awarded to Frederica,


 


 appropriating monies from accounts awarded to Frederica, and


 


 receiving monies and failing to forward them to Frederica.


The court found that Jose was guilty of criminal contempt and "ordered that punishment for each separate violation is
assessed at a fine of $500 and confinement in the county jail of Nueces County, Texas for a period of ten (10) days." Jose's
commitment was ordered suspended if, by May 16, 1996, he:

 


 executed special warranty deeds in favor of Frederica for the following properties:


 


 
 937 Brock in Corpus Christi,
 


 


 
 1358 Ray in Corpus Christi,
 


 


 
 3302 Casa Bonita in Corpus Christi,
 


 


 
 Unit 1 of Lot 30, River Oaks Subdivision in Live Oak County, and
 


 


 
 cemetery lots;
 


 


 paid Frederica $26,125.31 for monies awarded to her which were diverted and were then in Jose's possession;


 


 paid Frederica $1,400.00 for security deposits on real estate which was awarded to her;


 


 paid Frederica $1,124.00;


 


 paid Michael O'Reilly $6,700.00 as attorney's fees; and


 


 paid all court costs.


By letter dated May 10, 1996, Frederica's attorney advised the court that Jose had complied with all of these conditions.

On October 24, 1996, Frederica filed a second motion for enforcement, asserting that Jose had not executed the necessary
transfer forms for certain investment accounts that the divorce court had awarded her. A show cause hearing was set for
November 20, 1996. On February 14, 1997, Frederica filed a third motion for enforcement regarding these same
investment accounts. In her third motion, Frederica alleged that Jose had concealed and failed to disclose numerous assets,
including various Merrill Lynch accounts. On February 25, 1997, Jose filed a general denial to Frederica's second motion
for enforcement.

In an amended third motion for enforcement, filed on March 14, 1997, Frederica added claims against Cano, Jose's sister,
because she "is the record title holder of certain property that was fraudulently transferred by [Jose] without consideration
and/or for less than reasonably equivalent value." Jose and Cano were both served with this motion on April 17, 1997. A
hearing on the third amended motion was held on May 22, 1997. Cano filed a general denial on May 27, 1997. On June 3,
1997, Frederica nonsuited her third-party claim against Cano. On the same day, a no-answer default judgment was
rendered against Jose for $510,605.00. (1)

On June 18, 1997, Jose filed a motion to vacate the default judgment because he had an answer on file when the default
judgment was rendered against him. On June 30, 1997, Jose filed a motion for new trial. On August 14, 1997, the trial
court vacated the June 3, 1997 default judgment because Jose had an answer on file at the time the judgment was taken. 
The court ordered Frederica to "cease and desist from any and all efforts to enforce the judgment of this court signed on
June 3, 1997." The court also stated:

this Court finds that the pro se pleadings of Frederica Casillas may be prepared by Richard Collins who signs as "Agent for
Frederica Casillas" and that Richard Collins does not appear to be a licensed attorney. The Court will no longer accept any
such pleadings, and the Clerk of the Court shall accept no pleadings signed by "Richard Collins, Agent."



2. Cause No. 97-2892-E


On June 4, 1997, Frederica filed a pro se "Petition to Set Aside Fraudulent Conveyances of Real Property" in Cause No.
97-2892-E against Jose and Cano. In the petition, Frederica asserted she had obtained a judgment against Jose on June 3,
1997 for $510,605.00. She further asserted that on October 23, 1996, "[Jose], with the intent to hinder, delay and defraud
[Frederica] as a judgment creditor, executed quitclaim deeds . . . , by which he quitclaimed to Defendant Tillie Casillas
Cano all his right, title, interest and claim to" the property located at (1) 3301 South Staples St. in Corpus Christi and (2)
3305 South Staples St. in Corpus Christi. Cano was served with the petition on June 23, 1997. On July 2, 1997, Cano filed
a general denial and a motion to transfer venue.

On July 3, 1997, Frederica filed an "Amended Petition to Set Aside Fraudulent Conveyances of Real Property." (2) In the
amended petition, Frederica further asserted that Jose had fraudulently transferred 12.396 acres "situated in the H.C.
Kitchen Survey" to Cano. On July 14, 1997, Jose filed a general denial to the petition. On July 29, 1997, Frederica filed an
answer to Cano's motion to transfer venue. (3)

On October 14, 1997, Cano filed a counterclaim for declaratory judgment because "no basis in law and fact exists for
Frederica Casillas' false allegations that plaintiff is a judgment creditor and that Jose Casillas made fraudulent conveyances
to Tillie Cano based on a judgment dated June 3, 1997. . . ." On November 18, 1997, Frederica filed apro se answer to
Cano's counterclaim. On December 5, 1997, Frederica filed a fourth motion for enforcement. On November 23, 1998,
Frederica nonsuited Cano.

A docket control conference was held on April 20, 1999, and the trial court signed a docket control order on May 14, 1999,
setting the case for a jury trial on August 9, 1999. A second docket control conference was held on May 14, 1999, and the
trial court signed a docket control order on June 25, 1999, setting the case for a jury trial on November 1, 1999.

On June 25, 1999, Cano filed her Third-Party Plaintiff's Petition Against Third-Party Defendant, Collins. Cano's petition
alleged that Collins had: (1) engaged in the unauthorized practice of law by advising, assisting, and participating with
Frederica in connection with filing groundless pleadings with false allegations of claims to property owned by Cano; (2)
advised, assisted, and participated with Frederica in imposing a cloud on the title owned by Cano as a result of filing the
groundless pleadings and notice of lispendens; (3) advised, assisted, and participated with Frederica in tortiously interfering
with Cano's rights and ownership of the property and the judicial process and legal rights of Cano; (4) advised, assisted and
participated with Frederica in connection with intentional infliction of emotional distress on Cano causing her to suffer
aggravation of her poor physical health, physical pain and mental anguish; and (5) failed and refused to advise Frederica to
dismiss the groundless pleadings with false allegations and cancel the groundless notice of lis pendens. 

Collins was not served with the citation and third-party plaintiff's petition until September 10, 1999. He filed an answer
and a motion for summary judgment on October 4, 1999. The trial court rendered a no-answer default judgment on liability
on October 5, 1999, and a default judgment on damages on October 7, 1999. On October 12, 1999, Collins filed a motion
for new trial on the default judgment. He also filed, on the same day, a letter with the clerk of the court providing the trial
court with his correct mailing address. (4) On October 28, 1999, Collins filed a motion for sanctions against Cano for filing a
frivolous pleading. On the same date, Frederica nonsuited Jose.

On November 1, 1999, a non-jury trial was held only on Cano's counterclaim and third-party petition because Frederica had
nonsuited both Jose and Cano. Jose, Frederica, and Cano were all present. Collins did not appear. In an order, dated
January 13, 2000, the trial court stated:

The Court is of the opinion and finds that the facts and law support the relief requested by plaintiff Tillie Cano. The Court
specifically finds that the default judgment in Cause No. 94-6951-B, the pleadings and other papers filed in this action,
asserting claims against Tillie Cano and Jose Guillermo Casillas, and defendants' other actions were groundless and taken
in bad faith and for the purposes of harassment. . . . It is, therefore, ORDERED, ADJUDGED, and DECREED that the
plaintiff Tillie Cano recover form defendants Frederica Casillas and Richard Collins, jointly and severally, the sum of
$357,040, with interest on the judgment at the maximum legal rate until paid in full.



On February 10, 2000, Collins filed a motion for new trial. On February 14, 2000, Frederica filed a motion for new trial. 
The trial court heard both motions on March 27, 2000, but did not rule on the motions at that time; the court indicated it
was taking the matter under advisement. The motions were subsequently overruled by operation of law. On April 12, 2000,
Frederica filed a pro se notice of appeal. On April 20, 2000, Collins filed a motion to set aside or vacate the default
judgment entered on January 13, 2000. Collins filed his notice of appeal on April 28, 2000. Collins filed the appellate
brief for himself and Frederica. On May 3, 2001, this Court severed and abated Frederica's appeal. This opinion addresses
only the appeal of Cano's third-party suit against Collins.

B. Analysis


In his first and second issues, Collins contends the trial court: (1) erred in rendering a post-answer default judgment
because he failed to appear at trial, and (2) abused its discretion by overruling his motion for new trial.

A post-answer default judgment is one rendered when a defendant has filed an answer, but then fails to appear at trial. 
Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). In reviewing a motion for new trial after a post-answer default
judgment, we apply the following three-part test to determine whether the trial court should have granted a new trial:

 


 was Collins' failure to appear for trial intentional, or the result of conscious indifference on his part, or was it due to a
mistake or an accident;


 


 did Collins' motion for new trial set up a meritorious defense; and


 


 was Collins' motion for new trial filed at a time when its granting would not result in a delay or otherwise injure Cano.


See Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); Cliff v. Huggins, 724 S.W.2d 778, 779
(Tex. 1987) (the three Craddock requirements apply to post-answer default judgment); Ivy v. Carrell, 407 S.W.2d 212, 213
(Tex. 1966).

To determine whether the trial court erred in failing to set aside the default judgment, we must assess whether the trial court
abused its discretion. See Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). A trial court has wide discretion in
granting a new trial, and the trial court's discretion will not be disturbed on appeal absent a showing of a manifest abuse of
discretion. See Champion Int'l Corp. v. Twelfth Ct. App., 762 S.W.2d 898, 899 (Tex. 1988). In making its determination,
the trial court should exercise liberality in favor of a defaulted party. See Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex.
App.-San Antonio 1987, no writ). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without
reference to any guiding rules and principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). A trial court
abuses its discretion if it denies a motion for new trial when the defendant satisfies the Craddock standard. Old Republic
Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994).

1. Failure to Appear


We must first determine whether Collins established that his failure to appear for trial was not intentional or the result of
conscious indifference. In order to make this determination, we must look to the knowledge and acts of the appellant. 
State v. Sledge, 982 S.W.2d 911, 914 (Tex. App.-Houston [14th Dist.] 1998, no writ); Prince v. Prince, 912 S.W.2d 367,
370 (Tex. App.-Houston [14th Dist.] 1995, no writ). To be entitled to a new trial, an appellant need only show a slight
excuse for failing to appear. Sledge, 982 S.W.2d at 914. A failure to appear is not intentional or due to conscious
indifference merely because it was deliberate; it must also be without adequate justification. See Smith v. Babcock &
Wilcox Constr. Co, 913 S.W.2d 467, 468 (Tex. 1995). Proof of such justification - accident, mistake, or other reasonable
explanation - negates the intent or conscious indifference for which a new trial can be denied. Id. Conscious indifference
means more than mere negligence. Id. It means failing to take some action that would seem indicated to a person of
reasonable sensibilities under similar circumstances. Sledge, 982 S.W.2d at 914. Even a slight excuse may justify a new
trial. Ivy, 407 S.W.2d at 213. A mistake of law is one of the excuses that may be sufficient to satisfy the first element of
the Craddock test. Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81, 84 (Tex. 1992). 

Collins received notice of Cano's third-party petition on September 10, 1999. Although he asserts that he did not receive
proper notice of the trial date, he admits that on October 1, 1999, while reviewing the district clerk's file, he discovered the
June 25th Docket Control Order which set the case for trial on November 1, 1999. In response to Cano's third-party
petition, Collins filed an answer on October 4, 1999. (5) On October 5, 1999, the trial court signed a no-answer default
judgment as to liability against Collins, apparently unaware of the filing of his answer. On October 7, 1999, the trial court
signed a default judgment against Collins for damages.

A default judgment, rendered after an answer was on file with the clerk of the court, is erroneous. Davis v. Jefferies, 764
S.W.2d 559, 560 (Tex. 1989). Upon discovering the default judgment, Collins filed a motion for new trial on October 12th
setting forth, through his affidavit and copies of his United States Postal Service receipt and certified mail receipts, that he
had filed a timely answer with the clerk of the court and that the default judgment was improper. On October 27, 1999,
Collins sent a letter to the trial court manager requesting a setting for his motion for new trial. The trial court failed to set
the motion for hearing and did not rule on the motion.

On November 1, 1999, Cano's case against Frederica and Collins went to trial, even though the trial court had already
rendered a default judgment against Collins. Collins did not appear at the trial. At the beginning of the trial, Cano's
attorney stated:

Your Honor, first of all, if I may approach the Bench, there is a party who is not here present today, and that's the
third-party defendant or now the defendant, one of the defendants, Richard Collins. He filed that paper, and that's just a
copy of the paper that was filed - and I'm sorry I don't have a copy for counsel - but it's the third-party defendant's motion
for summary judgment. That was filed on or about - was served on or about October 4th of this year, and I'm - the reason
I'm showing that to the Court, and I'm going to point out at the bottom of Page 3 of that pleading in the last two or three
lines, I'm quoting, "It is only at the eleventh hour when a trial date has been set and is imminent that such dilatory action is
taken," and he's referring to some other action, but this is a pleading signed by Mr. Collins and filed on his own behalf. 
And it indicates that Mr. Collins is aware of the trial setting in this cause, and I'm just asking the Court to take judicial
knowledge of the - or judicial notice of the papers that are in the Court's file and take judicial notice of the admission of Mr.
Collins that he is aware of the trial date, but has once again failed to appear for this trial date. 



On January 13, 2000, the trial court signed a judgment against Frederica and Collins, jointly and severally, for $357,040.00. 
In its findings of fact, filed on January 13, 2000, the trial court found that:

* * * * *


 


 An interlocutory default judgment against defendant Collins was taken before the Answer of defendant Collins was
actually received and filed.


 


 Defendant Collins filed a timely answer to the claims against him, because the answer was mailed on the date that his
answer was due, though it was not received for filing on the answer day.


 


 Defendant Richard Collins did not appear for trial. However, defendant Collins judicially admitted in this Motion for
Summary Judgment that he was aware of the trial date in this cause, and his failure to appear at trial is not excused.


* * * * *

In its conclusions of law, the trial court concluded:

 


 The interlocutory default judgment against defendant Collins in this cause should be set aside.


 


 Judgment should be entered against defendant Collins as requested by Tillie Cano, based on his knowing failure to
appear at trial.


* * * * *


The record contains no order from the trial court setting aside the no-answer default judgment against Collins prior to the
trial.

 In his second motion for new trial, filed on February 10, 2000, Collins asserts that:

 


 his first motion for new trial on the no-answer default judgment was pending at the time of the trial;


 


 his failure to appear was a result of mistaken belief because even though he had knowledge, through his own discovery,
of the trial date, "he did not believe the dates were any longer applicable due to events subsequent to their setting. . . . 
After the default judgment was taken, Collins had no comprehension that the Court would expect him to proceed to trial
on the scheduled date when in posture of default and a motion for new trial was pending;" and


 


 "Collins believed that he was effectively a non-party to the proceeding until his motion for new trial might be granted."


We conclude that while Collins' failure to appear was in fact deliberate, since he was aware of the trial setting, it was not
without adequate justification. Although the trial court notes in its January 13th judgment and findings of fact that it
recognized the error of the no-answer default judgment against Collins, it did not set it aside prior to the trial date. Thus, at
the time of the trial there was a default judgment on file against Collins and it is reasonable he believed he was no longer a
party to the trial proceedings. We conclude that Collins' actions were justifiable and not the result of conscious
indifference. Thus, Collins has met the first prong of the Craddock test.

2. Meritorious Defense


We must next determine whether Collins' motion for new trial set up a meritorious defense. Ivy, 407 S.W.2d at 214. The
defendant is not required to prove a meritorious defense; he is merely required to set up a meritorious defense. Director v.
Evans, 889 S.W.2d 266, 270 (Tex. 1994). A meritorious defense is one that, if proved, would cause a different result on
retrial, although not necessarily the opposite result. Liepelt v. Oliviera, 818 S.W.2d 75, 77 (Tex. App.-Corpus Christi 1991,
no writ). Collins asserts that (1) Frederica had rights to the property under the divorce decree, (2) the conveyances were
subject to her property rights, and (3) it was proper for her to file suit to determine ownership of the property. Although
Collins links his arguments to the legitimacy of Frederica's rights to the property, we will not address the merits of
Frederica's ownership because this appeal involves Collins and not Frederica. Rather, we need only address Collins' further
assertions that his actions were based on his role as an employee, hired to assist Frederica in collecting the assets awarded
her in the divorce decree and to identify undisclosed assets. Frederica was the party asserting ownership of the questioned
property, not Collins. While he signed some petitions as "agent for Frederica Casillas," Collins presented evidence that he
was employed to find assets belonging to Frederica and that the assistance he rendered to Frederica was within the scope of
his employment. After reviewing the record, we conclude that Collins has set up a meritorious defense that he was nothing
more than Frederica's employee. Therefore, Collins has met the second prong of the Craddock test.

3. Delay


Finally, we must determine whether granting a new trial will cause delay or otherwise work injury to Cano. Dir., State
Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994). Courts approach this issue on a case-by-case
basis with the goal of protecting the plaintiff against the sort of undue delay or injury that would disadvantage her in
presenting the merits of her case at a new trial, such as a loss of witnesses or other valuable evidence. Id.

We note that while this case has been on appeal, this Court received notice that Frederica is now deceased. However,
Frederica's death should not hinder a new trial. In fact, Frederica was not present at the November 1, 1999 trial; she was
represented at trial by counsel. At the trial Frederica's attorney stated:

Your Honor, on the subject of - Mrs. Casillas is not here today in the same - for the same reason that Dr. Casillas. They are
both elderly persons who are not in good health and not able to be present here today in court. And we do have Mrs.
Casillas' daughter, Jeanette Low, who does have a valid power of attorney for Mrs. Casillas, and she is going to testify at
some time. But we wanted to bring up the issue of why Mrs. Casillas is not here, and we do have someone with proper
authority to be acting.



After reviewing the record, we conclude that a new trial will not cause unnecessary delay or work an injury to Cano. Thus,
Collins has met the third prong of the Craddock test.

4. Conclusion


Because we have concluded that Collins has met his burden under Craddock, we hold the trial judge abused her discretion
by failing to grant a new trial.

We sustain Collins' first and second issues. Because these issues are dispositive, we need not address Collins' remaining
issues. See Tex. R. App. P. 47.1.

We reverse the trial court's judgment and remand the case to the trial court for a new trial.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

17th day of January, 2002.

1. At the hearing, Collins testified that he was a management consultant providing forensic accounting services and was
employed to assist Frederica collect the assets awarded her and to identify undisclosed assets.

2. The petition is signed by Richard Collins as Agent for Frederica Casillas. Collins attached an affidavit in which he
described his research and discovery of the quitclaim deeds.

3. The answer is signed by Richard Collins as Agent for Frederica Casillas.

4. We note that Collins provided his proper address on his answer, but the certificate of last known address filed by Cano's
attorney shows a wrong address for Collins.

5. Although the district clerk's office "file stamped" the answer on October 5th, Collins established that he mailed the
answer at 9:46 a.m. on October 4th. Collins timely filed his answer because Texas Rule of Civil Procedure 5 provides in
pertinent part:



If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed
and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten
days tardily, shall be filed by the clerk and deemed filed in time. A legible postmark affixed by the United States Postal
Service shall be prima facie evidence of the date of mailing.



Tex. R. Civ. P. 5. Once the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for
purposes of filing pleadings. Milam v. Miller, 891 S.W.2d 1, 2 (Tex. App.-Amarillo 1994, writ ref'd).