NO. 07-04-0254-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 19, 2004
_____

MICHAEL BAILEY, M.D., JAN ROWDEN, P.A., and METHODIST HOSPITAL
LEVELLAND d/b/a LEVELLAND CLINIC,

Appellants

v.

JANA HUTCHINS, INDIVIDUALLY and as REPRESENTATIVE of the ESTATE of
MICHAEL HUTCHINS, DECEASED,

Appellee
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 03-09-19,288; HON. HAROLD PHELAN, PRESIDING
_____

*Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

In this interlocutory appeal, we are asked to determine if the mailbox rule contained in Rule 5 of the Rules of Civil Procedure applies to suits mailed immediately before the effective date of a statute but received thereafter. The statute in question is commonly known as House Bill 4 and found in chapter 74 of the Texas Civil Practice and Remedies Code; it concerns medical malpractice actions. According to the appellants (Michael

Bailey, M.D., Jan Rowden, P.A., and Methodist Hospital Levelland, who we collectively refer to as the Hospital), the trial court erred in refusing to dismiss the suit because Jana Hutchins, individually and as representative of the estate of Michael Hutchins, failed to comply with various provisions of the recently enacted legislation. We affirm the order of the trial court.

### *Background*

The record discloses that Hutchins sued the appellants for medical malpractice. It is undisputed that her original petition was mailed, via United States first class mail, to the Hockley County District Clerk on August 29, 2003. Furthermore, the district clerk received the mailing on September 2, 2003.

At the time the pleading was deposited in the mail, statute obligated Hutchins to serve her expert report on each party within 180 days of the date the suit was filed. TEX. REV. CIV. STAT. ANN. art. 4590i §13.01(d) (Vernon Supp. 2003). Yet, when the instrument was actually received by the court clerk, a new statutory provision had become effective which reduced the 180-day period to 120 days. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a) (Vernon Supp. 2004) (reducing the period to 120 days); Act of June 2, 2003, 78th Leg., R.S., ch. 204, §23.02(d), 2003 Tex. Gen. Laws 898 (stating that the Act became effective on September 1, 2003). Hutchins filed her expert report on February 26, 2004, a date within the former period but outside the latter. Thereafter, the Hospital moved to dismiss the suit contending that the report was tardy. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b)(2) (Vernon Supp. 2004) (requiring the trial court to dismiss the claim if the

2

expert reports were not filed within the 120-day period).  The trial court denied the motion, and the Hospital appealed.[1]

## *Issue*

In HB 4, the legislature specified that the changes wrought by the bill "applie[d] only to an action filed on or after the effective date of this Act."[2]  Act of June 2, 2003, 78th Leg., R.S., ch. 204, §23.02(d), 2003 Tex. Gen. Laws 899.  So too did it state that "[a]n action filed before the effective date . . . including an action filed before that date in which a party is joined or designated after that date, [was] governed by the law in effect immediately before the change in law made by this Act, and that law [was] continued in effect for that purpose."  *Id.*  As can readily be seen, whether the law in existence prior to HB 4 controls depends upon when Hutchins "filed" her claim.  She contends that she did so prior to September 1st because the petition was deposited in the mail on August 29, 2003.  On the other hand, the Hospital believes that because the item was not actually received by the court clerk until September 2, 2003, it was not filed until that date.  Who is correct depends on that portion of Rule 5 of the Texas Rules of Civil Procedure known as the mailbox rule.

The mailbox rule, in one form or another, has long been a principle of our law.  For instance, the United States Supreme Court has applied it to create a presumption that an item properly sent through the United States mail was received in due course by the addressee.  *See e.g. Hagner v. United States*, 285 U.S. 427, 430-31, 52 S.Ct. 417, 419,

---

[1] An interlocutory appeal may be brought from an order of a district court that denies all or part of the relief sought by motion under §74.351(b) of the Texas Civil Practice and Remedies Code.  TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(9) (Vernon Supp. 2004).

[2] We do note that the effective date did not apply to §17 of the Act.  Act of June 2, 2003, 78th Leg., R.S., ch. 204, §23.02(b), 2003 Tex. Gen. Laws 898.  However, that section is not involved in this case.

3

76 L.Ed. 861, 864-65 (1932). So too has the concept been utilized to establish the date on which an offer to contract was accepted. *See e.g. Cantu v. Central Ed. Agency*, 884 S.W.2d 565, 566 (Tex. App.–Austin 1994, no writ) (stating the mailbox rule provides that the properly addressed acceptance of an offer is effective when deposited in the mail, unless otherwise agreed or provided by law). Furthermore, our own state Supreme Court not only acknowledged its existence but also incorporated the principle into the Texas Rules of Civil Procedure. The rule about which we speak is Rule 5. The latter, in pertinent part, states:

> If any document is sent to the proper clerk by first-class United States mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time . . . .

TEX. R. CIV. P. 5.

As applied, Rule 5 serves to modify the general rule requiring actual receipt of a pleading by the court clerk before one can consider it filed. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (stating that a pleading is filed when left with the court clerk); *Reitmeyer v. Charm Craft Publisher*, 619 S.W.2d 441, 442 (Tex. App.–Waco 1981, no writ) (stating that normally, a pleading is deemed filed when deposited with the clerk for the purpose of making it a part of the record). Indeed, if one complies with its terms, then the United States postal service, in essence, is deemed as a branch of the clerk's office for the limited purpose of filing the document. *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App.–Amarillo 1994, writ ref'd). Yet, caution must be taken against reading the provision as extending any applicable filing date, for it does not; instead, it simply defines when a pleading is deemed filed. *Warner v. Glass*, 135 S.W.3d at 684; *Milam v. Miller*, 891

4

S.W.2d at 2. And, upon assigning the words contained in it their plain meaning, we construe the rule to merely say that if one has to file a pleading by a certain date, then the instrument will be considered so filed if sent by properly addressed and stamped first class mail on or before the day on which it must be filed. *See In re Steiger,* 55 S.W.3d 168, 171 (Tex. App.–Corpus Christi 2001, no pet.) (stating that in construing a rule of procedure, the words must be accorded their plain meaning).

Here, it is clear that to avoid the modifications wrought by HB 4, Hutchins had to file her original petition before September 1, 2003. Again, this is so because the legislature restricted application of the changes to suits filed "on or after" the Act's effective date, the latter being September 1st. Act of June 2, 2003, 78th Leg., R.S., ch. 204, §23.02(d), 2003 Tex. Gen. Laws 899. If filed before that day, then the old law would control. *Id.* If not, then the new law would. *Id.* Furthermore, the record illustrates that she sent the instrument to the Hockley County District Clerk via first class, properly stamped mail and the mailing was deposited with the post office on August 29, 2003, or two days before September 1st. No one disputes that the item was properly addressed to the proper clerk or that the postage was sufficient. Nor does anyone question that the district clerk received the document on September 2, 2003, a date well within the ten days prescribed by Rule 5. Given these circumstances, we hold that Hutchins complied with Rule 5 and, therefore, her suit was filed before the date by which it had to be filed to avoid the modifications of HB 4.

The Hospital would have us hold otherwise for several reasons. Through the first, it posits that interpreting Rule 5 as we do results in an amendment to the terms of the house bill. In other words, by applying Rule 5 in the manner we do, we have delayed

5

implementation of the legislature's decree that the Act take effect on September 1st. The conclusion is wrong. Admittedly, the Texas Supreme Court cannot implement a rule of procedure that conflicts with a statutory edict. TEX. GOV'T CODE ANN. §22.04 (c) (Vernon 2004). Yet, the situation before us is much like that before the Supreme Court in *Warner*. There, question arose as to when a petition of an inmate was deemed filed. The court held, through the application of Rule 5, that it was filed when placed in the prison's mail system. *Warner v. Glass*, 135 S.W.3d at 684. Previously thereto, it had been argued that such an application of Rule 5 would effectively modify, and violate, the terms of the Inmate Litigation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.04 (Vernon 2002) (stating that the Act cannot be modified or repealed by a rule adopted by the Supreme Court). This proposition was rejected, however. The court noted that while the Inmate Litigation Act utilized the word "filing," it was "silent on when a claim [was] deemed filed." *Warner v. Glass,* 135 S.W.2d at 684. Rule 5 merely filled the void; it did not modify the Act. *Id.* The same is no less true here. While HB 4 speaks of a claim being filed by a certain day, it does not define when the claim is deemed filed. So, like the situation in *Warner*, we can turn to Rule 5 to determine that.

Next, the Hospital also suggests that Rule 5 contemplates the existence of a filing deadline, and HB 4 establishes no such deadline. It is true that some courts have held that a filing deadline must be involved before Rule 5 can apply. *See e.g. In re Hearn,* No. 04-03-00949-CV, slip. op., 2004 Tex. App. LEXIS 3514 at 9 n.5 (Tex. App.–San Antonio, April 21, 2004, no pet. h.) (holding that Rule 5 does not deem a motion filed on the date it was placed in the mail when no filing deadline is involved); *Smith v. Texas Dept. of Criminal*

*Justice,* 33 S.W.3d 338, 341 (Tex. App.–Texarkana 2000, pet. denied) (holding that the mailbox rule does not enlarge the time in which an inmate has to file a written order issued in a grievance proceeding when the statute did not contain a filing deadline). Yet, we can only wonder how a directive by the legislature declaring that if a suit is filed on X date then one set of laws apply, but if filed on Y date, then another set applies is not a deadline. *See Whitworth v. Blumenthal,* 59 S.W.2d 393, 398 (Tex. App.–Dallas 2001, no pet.) (stating that a filing deadline is "a date or time before which something must be done"). This is especially true when the new law affects the cause of action and the extent of one's recovery. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §10.01, 2003 Tex. Gen. Laws 873-75 (limiting the amount of non-economic damages that can be recovered). Undoubtedly, plaintiffs seeking the greater relief afforded by the old law had to act before a specific date to obtain them. And, because they had to so act, the effective date of the statute created nothing short of a deadline. So, contrary to the Hospital's suggestion, the bill did impose "substantive limitation[s]" upon the cause of action depending upon when the suit was filed.

We also reject the notion that because Hutchins could have still pursued a negligence cause of action after September 1st, though in a limited form, HB 4 could not be said to have imposed a filing deadline. Nothing in Rule 5 says that the party invoking its terms must face the risk of losing his entire claim before it can apply. Indeed, the rule can be used in many situations wherein the failure to act by a certain date has an effect short of vitiating a particular claim. For instance, Rule 5 would certainly apply to filing a response to a partial summary judgment. Yet, failing to comply with the seven-day period, TEX. R. CIV. P. 166a (c), does not necessarily mean that the non-movant risks losing his

7

entire claim if the motion is granted. Again, the movant may have only sought partial relief. Moreover, to read the limitation suggested by the Hospital into Rule 5 would certainly contradict the Supreme Court's policy to liberally construe the rules of civil procedure. *See* TEX. R. CIV. P. 1 (stating that the "objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the right of litigants . . . ," and to achieve this end, "these rules shall be given a liberal construction"). And, that the Supreme Court nonetheless applied Rule 5 to a situation wherein the document was deposited with an entity other than the United States mail certainly evinces that Rule 5 falls within the court's policy of construing the rules liberally.

In sum, the law in existence prior to the effective date of HB 4 controlled Hutchins' duty *viz* the filing of expert reports. This is so because her suit was filed before that date. So, the trial court did not err in refusing to grant the Hospital's motion to dismiss.

Accordingly, we overrule the issues posed by the Hospital and affirm the order of the trial court.


Brian Quinn
Justice


8