**PRATT & WHITNEY CANADA, INC., Appellant,**

v.

**McLENNAN COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 10–95–084–CV.

Court of Appeals of Texas, Waco.

March 20, 1996.

Rehearing Overruled April 17, 1996.

Richard M. Hunt, Donohoe Jameson & Carroll, P.C., Dallas, for appellant.

Robert L. Meyers, McCreary Veselka Bragg & Allen, Waco, for appellees.

Before CUMMINGS and VANCE, JJ.

## OPINION

PER CURIAM.

On August 8, 1994, Pratt & Whitney filed suit against McLennan County Appraisal District and its Review Board contesting the placement of two Pratt & Whitney aircraft engines on the 1994 personal property tax rolls. However, because Pratt & Whitney did not pay the taxes it sought to contest on or before the delinquency date, the court dismissed the suit. TEX.TAX CODE ANN. § 42.08(b) (Vernon 1992).[1] Pratt & Whitney appealed.

The issue before us is whether, under the Texas Tax Code, a property owner contesting the jurisdiction of the State to tax personal property that was not taxed the preceding year must pay the taxes assessed by the District or face dismissal of its suit? *Id.* §§ 11.01, 42.08(b). Because we agree with Pratt & Whitney that section 42.08 does not require the payment of any sums in such circumstance, we will reverse the judgment dismissing the suit and remand the cause for a trial.

### PARTIES' CONTENTIONS

On the date Pratt & Whitney filed suit against the District and Board, section 42.08 of the Tax Code provided:

(b) A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

*Id.* § 42.08.

■ Pratt & Whitney did not pay any taxes before the delinquency date. It argues

---

1. Section 42.08(b) was amended after Pratt & Whitney filed suit. Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 43, 1989 Tex.Gen.Laws 3591, 3604, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 579, § 12, 1995 Tex.Gen. Laws 3374, 3377 (current version at TEX.TAX CODE ANN. § 42.08(b) (Vernon 1992 and Supp.1996)). For the sake of simplicity, we will use the Tax Code cite in this opinion.

that it had a choice whether to pay the amount specified under subsection (1) or under subsection (2). The amount due under subsection (2), the amount of taxes due on the property under the order from which the appeal is taken, is $17,673. The amount due under subsection (1), *according* to Pratt & Whitney, is "zero." Pratt & Whitney reaches that conclusion because it argues that the response to each of the two prongs in subsection (1) is zero. First, it claims that the engines were not subject to the District's jurisdiction to tax and, therefore, there is no amount of taxes "not in dispute." *Id.* §§ 11.01, 42.08(b)(1). Second, it was undisputed that no taxes were imposed upon the engines in "the preceding year." *Id.* § 42.08(b)(1).

The District and the Board contend however, that in order to contest the assessment of taxes, Pratt & Whitney was required to timely *pay something.* They argue that the directive in 42.08(b) that the "property owner must pay" taxes requires the property owner to pay under subsection (2) if the "amounts listed in subpart (1) *are inapplicable*" or *"incapable of being calculated."* (Emphasis added).

Because the calculations provided under subsection (1) in this instance are not "inapplicable" or "incalculable," we disagree with the District's and Board's analysis. Further, we do not agree that the property owner must pay the taxes assessed when it contests the jurisdiction of the District to levy a tax upon property not taxed in the preceding year. *Id.* §§ 11.01, 42.08(b).

## DISCUSSION

Under the first prong of subsection (1), Pratt & Whitney was required to pay "the amount of taxes due on the portion of the taxable value of the property that is not in dispute." *Id.* § 42.08(b)(1). Pratt & Whitney asserts that the entire amount of the "taxes due" is in dispute because it contends that its engines are not subject to the jurisdiction of the District. It bases this argument on section 11.01 of the code which provides that the State has jurisdiction to tax tangible personal property if it is located in the state for longer than a temporary period.

*Id.* § 11.01(c)(1). The corollary then, must be that, if property is not located in the state for "longer than a temporary period," the State does not have jurisdiction to tax. *See id.* Plainly, the first prong of 42.08(b)(1) does not require the property owner to pay taxes which it disputes. *Id.* § 42.08(b)(1) ("property owner must pay ... the amount of taxes due on the portion of the taxable value of the property *that is not in dispute."* (emphasis added)). The calculation under the first prong of subsection (1) is, as Pratt & Whitney contends, zero. *Id.*

As previously noted, the calculation of taxes due under the second prong of subsection (1) is also zero, as no taxes were imposed upon the engines in the previous year. *Id.* Therefore, contrary to the District's and the Board's assertion that the amounts due under subsection (1) are inapplicable or incalculable, the amount due under subsection (1) of 42.08(b) is zero.

With the "taxes due" under subsection (1) determined to be zero, we must now determine whether Pratt & Whitney may choose to pay nothing under that subsection, or, as argued by the District and the Board, must pay under subsection (2). A property owner paying under subsection (1) must pay "whichever is greater" of the two amounts. *Id.* However, there is no such requirement in deciding whether to pay under subsection (1) or subsection (2). *Id.* § 42.08(b). The legislature could have drafted the choice between subsection (1) and (2) as it did between the two prongs of subsection (1), but did not. *Id.* The District and the Board affirm in their brief that "by *creating subparts (1) and (2)* ... the legislature created two payment options for a property owner," and that "the payment may be in the amounts listed in either subparts (1) or (2)."

Effectively, the District and the Board argue that the property owner has a choice only if the amount due under subsection (1) is more than zero. They argue that the property owner must pay something and cite a number of cases in support of their contention. See *Harris Cty. App. Dist. v. Dipaola Realty,* 841 S.W.2d 487 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Filmstrips & Slides v. Appraisal Dist.,* 806 S.W.2d 289

(Tex.App.—Dallas 1991, no writ); *Harris County v. Consolidated Capital,* 795 S.W.2d 39 (Tex.App.—Amarillo 1990, writ denied). However, none of those cases concern the jurisdiction to impose a tax on the property in question, but rather, concern disputes over the valuation of property that is admittedly taxable. *Id.*

■ The plain language of the statute requires the payment of one of two amounts: (1) the greater amount of taxes admittedly due and taxes imposed the preceding year *or* (2) the taxes assessed by the District that is being appealed. TEX.TAX CODE ANN. § 42.08(b); *see Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990) (courts give effect to plain language of statute). We hold that where a property owner asserts that the District lacks jurisdiction to tax certain property, and no tax was imposed during the previous year, then the property owner does not lose its right to proceed to a final determination on appeal based upon its failure to timely pay the taxes assessed by the District. TEX. TAX CODE ANN. §§ 11.01, 42.08(b). Because Pratt & Whitney's calculation under each of the two prongs in subsection (1) is zero, it was not required to pay under subsection (2) in order to contest the assessment. *Id.*

We hold that the court erred in dismissing Pratt & Whitney's suit challenging the imposition of taxes. The judgment is reversed, and the cause is remanded for a trial.