FOUNTAIN PARKWAY, LTD., Appellant

v.

TARRANT APPRAISAL DISTRICT
and Tarrant Appraisal Review
Board, Appellees.

No. 2–94–222–CV.

Court of Appeals of Texas,
Fort Worth.

March 21, 1996.

Rehearing Overruled May 23, 1996.

John Brusniak, Jr., Brusniak & Clement, P.C., Dallas, for appellant.

Catherine J. Alder, Brown, Herman, Scott, Dean & Miles, L.L.P., Fort Worth, for appellees.

Before RICHARDS, J., and SAM BASS and JOE SPURLOCK, II (Retired), JJ.

## OPINION

SPURLOCK, Justice (Retired).

Appellant Fountain Parkway, Ltd. appeals from a plea to the jurisdiction sustained by the trial court for the Tarrant Appraisal District and the Tarrant Appraisal Review Board (TARB). Appellant brings eight points of error challenging, in various ways, the trial court's granting of the plea to the jurisdiction. We affirm the judgment of the trial court.

## BACKGROUND

On October 1, 1992, appellant filed a motion to correct an allegedly excessive appraisal under section 25.25(d) of the Texas Tax Code.[1] On November 24, 1992, appellant received notice that the motion was to be partially granted and the appraised value of the property was to be reduced to $3,200,000 for the tax year 1992. On January 8, 1993, (the 45th day after November 24th) appellant deposited its original petition to be filed against the appraisal district and the TARB, seeking to obtain judicial review of the property's appraised value, in a Federal Express receptacle for delivery to the Tarrant County District Clerk. The original petition was received and filed marked by the District Clerk on January 11, 1993. The parties stipulated that January 11th was the day the District Clerk would have received the petition had it been correctly deposited in the U.S. Post Office on January 8th.

The District and the TARB then filed a plea to the jurisdiction based on appellant's failure to file its original petition within forty-five days[2] after receiving notice of the TARB's ruling on the section 25.25(d) motion contending that placing into the custody of a shipper is not proper "mailing" of the item on the 45th day. Appellant argues that its petition was timely filed or, even if not timely filed, the failure to timely file was not jurisdictional so as to require dismissal of the suit. However, the trial court ruled that appellant did not comply with the requirement of section 25.25(g) of the Tax Code by filing suit within forty-five days and dismissed the claim against the District and the TARB.

## POINTS OF ERROR ONE THROUGH FOUR

■ In point of error one, appellant complains that the trial court erred as a matter of law in granting the District's and TARB's plea to the jurisdiction. In point of error two, appellant complains that the trial court erred in granting the plea to the jurisdiction based on lack of subject matter jurisdiction. In point of error three, appellant argues that the trial court erred in holding that section 25.25(g) sets a mandatory time frame within which a taxpayer must file suit, and in point. of error four that the trial court erred in holding section 25.25(g) provides a jurisdictional requirement for filing suit after an unfavorable ruling on a section 25.25(d) motion.

Appellant notes that section 25.25(g) provides that a property owner "within 45 days ... *may* file suit to compel the board to order a change in the appraisal roll...." Tex.Tax Code Ann. § 25.25(g) (Vernon 1992) (emphasis added). It contends that there is no provision in section 25.25 expressly providing or implying that failure to file suit within forty-five days bars any further judicial action. After a comprehensive discussion of the rules of construction, appellant opines that this court should follow a permissive, rather than mandatory, interpretation of section 25.25(g). This we decline to do.

Appellant acknowledges that under chapter 42 of the Texas Tax Code, compliance is a jurisdictional prerequisite to pursuing judicial review and concedes that failure to strict-

---

1.  Section (d) provides:

    At any time prior to the date the taxes become delinquent, a property owner or the chief appraiser may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property. However, the error may not be corrected unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value. If the appraisal roll is changed under this subsection, the property owner must pay to each affected taxing unit a late-correction penalty equal to 10 percent of the amount of taxes as calculated on the basis of the corrected appraised value. The roll may not be changed under this subsection if the property was the subject of a protest brought by the property owner under Chapter 41 or if the appraised value of the property was established as a result of a written agreement between the property owner or his agent and the appraisal district.

    Tex.Tax Code Ann. § 25.25(d) (Vernon 1992).

2.  The Texas Tax Code also provides:

    Within 45 days after receiving notice of the appraisal review board's determination of a motion under this section, the property owner or the chief appraiser may file suit to compel the board to order a change in the appraisal roll as required by this section.

    Tex.Tax Code Ann. § 25.25(g) (Vernon 1992).

ly comply with the time lines set forth in Chapter 42 is a jurisdictional defect precluding review. *See e.g., Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952 (Tex.1990); *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269 (Tex.App.—Fort Worth 1993, no writ); *Dallas Central Appraisal Dist. v. Las Colinas Corp.,* 814 S.W.2d 816 (Tex.App.—Dallas 1991), *rev'd in part on other grounds,* 835 S.W.2d 75 (Tex.1992); *Poly–America, Inc. v. Dallas County Appraisal Dist.,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ). However, appellant disputes the District and TARB's contention that section 25.25(g) is to be construed identically to chapter 42. We disagree with this contention and hold that the forty-five day requirement is mandatory, rather than permissive. To construe the statute otherwise would be illogical and would make the forty-five day provision irrelevant.

■ Where a statute creates a right not existing at common law (such as the right to appeal granted in the section of the tax code under discussion) and prescribes a remedy to enforce that right, the courts have subject matter jurisdiction to act only in the manner provided by the statute that created the right. *See e.g., Bullock v. Amoco Prod. Co.,* 608 S.W.2d 899, 900–01 (Tex.1980). This principle applies with full force to the Texas Tax Code. *Poly–America,* 704 S.W.2d at 936–38. Points of error one through four are therefore, respectfully, overruled.

### POINT OF ERROR FIVE

■ Appellant next argues that the trial court erred in failing to find that its petition was timely filed under rule 5 of the Texas Rules of Civil Procedure, which provides that a document may be considered timely filed if *mailed* on the last day for filing:

> If any document is sent to the proper clerk by *first-class United States mail* in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the

> United States Postal Service shall be prima facie evidence of the date of mailing.

TEX.R.CIV.P. 5. (emphasis added).

Appellant, on the last day for filing, sent its original petition to the Tarrant County District Clerk by Federal Express, rather than by the United States Postal Service. It urges a liberal interpretation of rule 5 and says that logic demands that it should apply to private couriers such as Federal Express. It concedes that at least one court has already determined that the "mailbox rule" does not apply to private couriers but contends that such an interpretation is incorrect. *See Carpenter v. Town & Country Bank,* 806 S.W.2d 959 (Tex.App.—Eastland 1991, writ denied). We disagree with appellant and hold that the very clear language of rule 5 bars any analogous interpretation. If the rule is to be effectively rewritten, our supreme court must rewrite it. It is not the function of an intermediate appellate court to rewrite the rules or expand their use in such an argumentative fashion. We note appellant's argument in its brief where it discussed its deliberate election and says: "However, rather than send its petition by the sometimes unreliable United States mail, Fountain Parkway elected to send its petition by Federal Express, a private courier which *guarantees* next business day delivery." Appellant relies upon *Danesh v. Houston Health Clubs, Inc.,* 859 S.W.2d 535, 537 (Tex. App.—Houston [1st. Dist.] 1993, writ ref'd) for a liberal interpretation of the method of compliance with rule 5. We note, however, that the court in *Danesh* specifically refused to expand the time to "file" a petition, or to recognize the effectiveness of any service but the U.S. Mail:

> *Danesh* does not need to extend the limitations period because she "filed" her suit before it expired. Rule 5 allows a party to file "any document" by *timely* mailing it to the district clerk. Once its requirements are met, rule 5 makes the post office a branch of the district clerk's office for purposes of filing.

*Id.*

*Danesh* does not hold that a Federal Express drop box is a branch of the district

clerk's office, nor even hint at such a skewed concept.

Further, as the Texas Supreme Court has declined to review *Carpenter*, and the Houston First District Court of Appeals is in accord, we believe the Eastland Court of Appeals correctly decided this question.

The language of rule 5 is clear. Appellant did not comply with its requirements. As a result, the petition received by the Tarrant County District Clerk on January 11, 1993 was not effectively "filed" on January 8th, as it would have had it been placed in the U.S. mail. The date of actual receipt, January 11, 1993, was forty-eight days after appellant received TARB's decision. Thus, the trial court did not err in failing to find that the petition was timely filed. Point of error five is overruled.

### POINT OF ERROR SIX

Appellant next argues that the trial court erred in holding that the jurisdictional requirements of section 25.25(g) were not satisfied by the facts of the present case. Specifically, it contends that in the instant case there was no confusion or delay resulting from its action in sending the petition to the courthouse by way of a private courier rather than by U.S. mail. It relies on *Dallas County Appraisal Dist. v. The Leaves, Inc.*, 742 S.W.2d 424 (Tex.App.—Dallas 1987, writ denied), where the court refused to conclude that the trial court improperly exercised jurisdiction in a case involving section 42.06 where a typographical error made it appear that the appeal to the district court was untimely.

We note that in *The Leaves*, as in *Danesh*, the petition was actually timely filed, where in the instant case the petition was not. We find no error with the action of the trial court and overrule point of error six.

### POINTS OF ERROR SEVEN AND EIGHT

■ Finally, appellant argues that the trial court erred in holding that the requirements of section 25.25(g) created a jurisdictional bar to recovery (point of error seven) and in failing to find that section 25.25(g) set forth a statute of limitations to be pled and pursued as an affirmative defense.

■ Subject matter jurisdiction is the authority of a court to decide a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Pleas to the jurisdiction or a plea in bar are appropriate means of challenging a trial court's subject matter jurisdiction. Additionally, we note that whether the District and the TARB had filed the plea in jurisdiction or a motion for summary judgment pleading limitations as an affirmative defense, the outcome would have been identical for appellant. The forty-five day requirement for filing was mandatory; the original petition was received in the District Clerk's office forty-eight days after appellant had received notice from TARB, and the petition did not bear the postmark of the United States Postal Service. Therefore, the petition was not timely filed. Points of error seven and eight are overruled.

The judgment of the trial court is affirmed.