**TARRANT APPRAISAL DISTRICT**
and Tarrant Appraisal Review
Board, Appellants,

v.

**GATEWAY CENTER ASSOCIATES,**
**LTD., Appellee.**

No. 2–00–079–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 21, 2000.

Wiseman, Liser & Hart, Catherine Jane Alder, Fort Worth, for Appellant.

Geary, Porter & Donovan, Ronald D. Gray, Addison, for Appellee.

Before CAYCE, C.J., RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

This is a property tax appraisal dispute. Appellants Tarrant Appraisal District ("District") and Tarrant Appraisal Review Board ("Board") appeal the decision of the trial court. They argue in two issues that the court lacked subject matter jurisdiction to hear this case and that section 25.25(d) of the tax code was improperly applied to the facts of the case. We will reverse and render judgment that the trial court lacked subject matter jurisdiction over the case because Appellee Gateway Center Associates, Ltd. ("Gateway") did not timely challenge the appraised market value of the property at issue.

### Procedural Background

This was tried as an agreed case pursuant to Rule 263 of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 263. The parties filed an Agreed Statement of Facts with the trial court. The trial court held that it had subject matter jurisdiction under section 25.25(g) of the tax code. *See* TEX.TAX CODE ANN. § 25.25(g) (Vernon Supp.2001). The court also held that the Board must order changes in the appraisal rolls to be made for the tax years 1991 through 1994. Appellants then brought this appeal.

### Statement of Facts

The property at issue consists of nine undeveloped tracts of land that collectively comprise approximately 80 acres in Grapevine, Texas. Gateway owned these properties at all relevant times. From the early 1980s until 1995, the District specially appraised all of these properties as "qualified open-space land." For each tax year from 1991 through 1994, the District determined both the appraisal value of the land and the market value of the "qualified open-space land." These values were included in the District's appraisal record and the notice of appraised value that was sent to Gateway.

Gateway protested the District's determinations of market value for the 1993 tax year for seven of the nine properties,

claiming that the determinations exceeded the correct market values. *See* Tex.Tax Code Ann. §§ 25.25, 41.41 (Vernon Supp. 2001). Gateway and the District settled these protests; therefore, the values appraised for those seven properties for the 1993 tax year are not the subject of this lawsuit. None of the other values were the subject of a protest for the relevant years. The various taxing units assessed taxes on the properties for each tax year based on the District's appraisal values, and Gateway promptly paid these taxes.

On July 7, 1996, the District determined that a "change of use of land" had occurred on all or part of the acreage in each of the properties. It notified Gateway and each taxing unit of this determination. In connection with the determination of change of land use, the District did not make any changes to the appraisal values entered in its records. Gateway did not protest the change-of-land-use determination and does not contest it in this appeal.

The District's determination, however, *did* trigger the imposition of an additional rollback tax on each of the properties for the tax years 1991 through 1995. All taxing units calculated and billed Gateway for the additional tax, plus interest. Gateway paid this additional tax under protest. Gateway then filed a motion with the Board seeking correction of the alleged value errors in the entries on the appraisal rolls for each property for the years 1991 through 1994.[1] The Board denied the motion, and Gateway filed this lawsuit to compel the Board to order the changes in the District's appraisal values.

## Subject Matter Jurisdiction

In their first issue, appellants challenge the trial court's subject matter jurisdiction. They contend that the trial court lacked jurisdiction under section 25.25(g) of the tax code because Gateway's claim does not fall within the terms of section 25.25(d) or

(g). They offer two reasons for this contention. First, they argue that they are immune from suit because Gateway's complaint is only about errors in market value, not appraised value, and is thus outside of the scope of section 25.25(d). Second, they claim that Gateway failed to satisfy the jurisdictional prerequisites to judicial review because its motion was not filed before the yearly taxes became delinquent. They also claim that article I, section 19 of the Texas Constitution provides no independent grounds for jurisdiction and that Gateway had the full due course of law that is guaranteed by this constitutional provision.

Where a statute creates a right not existing at common law and prescribes a remedy to enforce that right, the courts have subject matter jurisdiction to act only in the manner provided by the statute that created the right. *Fountain Parkway, Ltd. v. Tarrant Appraisal Dist.,* 920 S.W.2d 799, 802 (Tex.App.—Fort Worth 1996, writ denied); *Poly–America, Inc. v. Dallas County Appraisal Dist.,* 704 S.W.2d 936, 937 (Tex.App.—Waco 1986, no writ). This principle applies with full force to the Texas Tax Code. *Fountain Parkway,* 920 S.W.2d at 802. Compliance with the tax code is a jurisdictional prerequisite to pursuing judicial review, and failure to strictly comply with the time lines set forth in the code is a jurisdictional defect precluding review. *See id.* at 801–02; *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269, 271 (Tex.App.—Fort Worth 1993, no writ).

Appellants claim that, although Gateway filed its motion within forty-five days of the Board's order as provided in section 25.25(g), the motion is untimely because section 25.25(d) allows changes to be made to appraised values only prior to the date that the taxes became delinquent. *See* § 25.25(d), (g). They point out that the

---

1. The 1995 tax year is not in dispute. In addition, Gateway withdrew its motion and seeks no relief with regard to those seven

properties for which it protested the values in 1993.

taxes became delinquent on February 1 of the year following the tax year (in this case, 1992 through 1995), and Gateway filed its motion in late 1996. Gateway responds that the motion was timely filed because the rollback taxes, which are the only taxes at issue, did not become delinquent until February 1, 1997, after it filed the motion.

■■■ Nothing in the assessment of a rollback tax itself creates a basis on which a property owner may rely to challenge the past appraised market value of agricultural land. *Anderton v. Rockwall Cent. Appraisal Dist.,* 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. filed). The rollback tax is dependent solely upon the appraisal district's determination that the land is no longer being used for agricultural purposes. *Id.* at 543–44. No new valuation of the property is made to set the amount of the rollback tax; the tax amount is simply calculated based on the past market values set forth in the tax rolls. *Id.* at 544. Because owners of agricultural land are informed of the appraised market value of their land in the notices of appraised value, they are sufficiently alerted to any error in the appraised market value at the time of the appraisal. *Id.* at 543. Therefore, even though they are not taxed on the market value of their land, these owners have the right to protest the appraised market value immediately upon receiving their notice of appraised value, long before any rollback tax may be imposed because of a change in use. *Id.* The term "taxes" as used in section 25.25(d) refers *only* to the yearly property taxes. *Id.* at 544; *see also* Tex.Tax Code Ann. § 25.25(d), (g). Any motion made pursuant to section 25.25(d), including a motion to correct the appraised market value of agricultural property, must be filed before the date the yearly property taxes-not the rollback taxes-on the subject land become delinquent. *Anderton,* 26 S.W.3d at 544.

Because Gateway did not file its motion with the Board before the yearly taxes became delinquent, Gateway did not satis-fy the jurisdictional prerequisites necessary to pursue judicial review of the contested appraised market value. Therefore, the trial court lacked jurisdiction to hear this case. Because we sustain appellant's issue that Gateway did not satisfy its jurisdictional prerequisites, we need not consider appellant's immunity from suit argument or its argument that the trial court erred in ordering changes to the appraised market value of the property.

### Due Process

■■ Because of our above holding, we must now address appellants' argument that article I, section 19 of the Texas Constitution provides no independent grounds of jurisdiction and that Gateway had the full due course of law that is guaranteed by that constitutional provision.

■■■ Article I, section 19 of the Texas Constitution states that "no citizen of this State shall be deprived of life, liberty, property, ... except by the due course of the law of the land." Tex. Const. art. I § 19. "Due course," as used in this provision, is virtually the same as "due process," as used in the federal constitution. *See University of Texas Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex.1995). A due course/due process claim requires a two-part analysis: (1) is a liberty or property interest at stake; and (2) if so, what process is due? *Id.*

The parties' arguments assume that this dispute involved Gateway's property interest. Therefore, we will likewise assume that a property interest is involved and address only the issue of what process is due.

■■ Due process requires notice and an opportunity to be heard appropriate to the nature of the case. *Brandy v. City of Cedar Hill,* 884 S.W.2d 913, 915 (Tex. App.—Texarkana 1994, no writ); *see also Than,* 901 S.W.2d at 930. As discussed earlier, Gateway had notice of the appraised market value of the land because this value was included in its notices of

appraised value. It also had an opportunity to be heard before the annual property taxes became delinquent through the procedures established for protests. *See* TEX. TAX CODE ANN. § 41.41 (Vernon Supp. 2001). Gateway simply did not take advantage of these opportunities when it had them. Because Gateway received due course of law under the applicable sections of the tax code, we hold that article I, section 19 does not provide any independent grounds for jurisdiction in this case.

### Conclusion

Having sustained appellants' issues that Gateway did not satisfy its jurisdictional prerequisites, we reverse the trial court's judgment and render judgment that the trial court lacked subject matter jurisdiction over the underlying case.