

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00343-CV

**EXLP LEASING, LLC** and EES Leasing, LLC,
Appellants

v.

**WEBB COUNTY APPRAISAL DISTRICT** and United Independent School District,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2013-CV-8000073-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 3, 2015

REVERSED AND REMANDED

This is an appeal from a trial court's order dismissing a tax dispute action for lack of jurisdiction.  On appeal, appellants EXLP Leasing, LLC and EES Leasing, LLC (collectively "Exterran") contend the trial court erred in dismissing the suit because it complied with the mandates of section 42.08(b) of the Texas Tax Code, thereby vesting the trial court with jurisdiction.  We reverse and remand.

**BACKGROUND**

Exterran leases field compressors for use by oil and gas operators in the extraction of oil and natural gas. As of January 1, 2012, Exterran owned 113 compressors reportedly located on an oil and gas lease in Webb County, Texas. These compressors were part of Exterran's "South Texas Region inventory," which is managed from its business and storage facility in Victoria County, Texas.

It is undisputed that for tax years 2008 through 2011, the compressors constituted taxable business personal property. Accordingly, for those years, Exterran paid taxes due on the compressors to the Webb County Appraisal District ("Webb County") because they were located in Webb County. According to Exterran, tax payments for the compressors were made to Webb County for the compressors because the version of the Texas Tax Code ("the Tax Code") in effect at the time required payment be made to the county in which the business personal property was located when the property was leased as opposed to being held for sale.

However, for the tax year 2012, Exterran paid taxes on the compressors to the Victoria County Appraisal District ("Victoria County") based on an amendment to the Texas Tax Code that became effective January 1, 2012. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 322, § 1, 2011 Tex. Gen. Laws 938, 938 (current version at TEX. TAX CODE ANN. § 23.1241(a) (West 2015)). Based on that amendment, Exterran believed the compressors no longer constituted business personal property, but "heavy equipment dealer inventory." *See id.* As such, the taxes on the compressors, according to Exterran, were payable to Victoria County where Exterran maintained its business address. Exterran calculated the value of the compressors — $1,333,626.00 — and tendered the taxes due on that amount to Victoria County.

Webb County sent Exterran a tax assessment for the 2012 tax year for the compressors just as it had for tax years 2008 through 2011. Exterran protested the tax assessment, sending Webb

County copies of the dealer heavy equipment declaration forms and other documentation it filed in Victoria County and claiming that based on the amendment to the Tax Code, the compressors were not taxable in Webb County. Webb County rejected Exterran's claims, affirming the tax assessment. Exterran then filed an appeal in district court challenging Webb County's conclusion that section 23.1241 of the Tax Code was inapplicable — in other words, challenging Webb County's conclusion that Exterran owed taxes to Webb County because the compressors were not heavy equipment inventory pursuant to the amendment to section 23.1241.

The United Independent School District intervened in the suit, asserting a motion to dismiss in which it claimed dismissal was proper because Exterran had failed to comply with the mandates of section 42.08(b) of the Tax Code, depriving the trial court of jurisdiction. *See id.* § 42.08(f) (permitting taxing unit that imposes taxes on property to intervene for limited purpose of determining whether property owner has complied with jurisdictional requirements of section 42.08(b)). The trial court granted the motion to dismiss, and Exterran perfected this appeal.

## ANALYSIS

On appeal, Exterran raises a single issue, contending the trial court erred in dismissing its suit, effectively finding Exterran failed to satisfy the jurisdictional prerequisite set out in section 42.08(b) of the Tax Code. Section 42.08 mandates that a property owner pay a certain portion of the property taxes in dispute before the delinquency date or the owner's right to appeal is forfeited. *Id.* § 42.08(b). Thus, to resolve this appeal, we must determine whether Exterran complied with the jurisdictional prerequisite, which requires us to interpret section 42.08. That is the only issue before this court. We are not called upon to resolve the underlying dispute, i.e., whether Exterran should have continued to pay taxes on the compressors to Webb County or whether Exterran correctly paid taxes on the compressors to Victoria County based on the legislative amendment to section 23.1241(a) of the Tax Code.

### *Standard of Review*

Numerous Texas courts have held that "[c]ompliance with the prepayment requirements of section 42.08 'is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights.'" *Welling v. Harris Cnty. Appraisal Dist.*, 429 S.W.3d 28, 31 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ); *Sonne v. Harris Cnty. Appraisal Dist.*, No. 01-12-00749-CV, 2014 WL 2933227, at *4 (Tex. App.—Houston [1st Dist.] June 26, 2014, no pet.) (mem. op.). A determination of whether a trial court has subject matter jurisdiction is a question of law, and we review questions of law using a de novo standard. *Klumb v. Houston Mun. Emps. Pension Sys.*, No. 13-0515, 2015 WL 1276557, at *5 (Tex. Mar. 20, 2015); *City of San Antonio v. Casey Indus., Inc.*, No. 04-14-00429-CV, 2014 WL 7437638, at *2 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). Thus, in this case, we must use the de novo standard in determining whether the trial court erred in granting the motion to dismiss. *See Klumb*, 2015 WL 1276557, at *5; *Casey Indus.*, 2014 WL 7437638, at *2 (citing *Miranda*, 133 S.W.3d at 226).

### *Application*

With regard to an appeal from a decision by a tax appraisal board, section 42.08(b) of the Tax Code provides, in pertinent part:

> [A] property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
> (1) the amount of taxes due on the portion of the taxable value of the property that is *not in dispute*;
> (2) the amount of taxes due on the property under the order from which the appeal is taken; or

(3) the amount of taxes imposed on the property in the preceding tax year.

TEX. TAX CODE ANN. § 42.08(b) (emphasis added). In sum, before a property owner can appeal a taxing authority's decision, the owner must pay the lesser of: (1) amount of taxes *not* in dispute, (2) the amount due pursuant to the taxing authority's order, or (3) the tax imposed the previous year. *Id.* Here, the entire amount of the taxes assessed is in dispute — thus, the amount *not* in dispute is zero, which is obviously less than the amount due under the taxing authority's order or the amount of taxes imposed the previous year. Accordingly, the sole issue on appeal is whether under Section 42.08(b)(1), the trial court had jurisdiction to review Exterran's appeal from the taxing authority's decision in light of Exterran's failure to pay anything.

Exterran contends that under the plain language of Section 42.08(b), specifically the "lesser of" language, it was not required to make any payment prior to its appeal to the district court. Exterran reasons that because the *entire* amount of the tax bill is in dispute — in that Exterran contends it owes taxes to Victoria County as opposed to Webb County and United Independent School District (collectively "Webb County") — the lesser amount under the plain language of the statute is zero. Webb County disagrees, arguing Exterran is required to pay something before it may appeal because courts have repeatedly held that if the property owner does not pay any portion of the assessed taxes by the delinquency date, then the property owner has not complied with section 42.08(b), depriving the trial court of jurisdiction.

In construing a statute, our primary objective is to give effect to the Legislature's intent, which is determined first and foremost by the language of the statute itself. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631–32 (Tex. 2008). When the words of a statute are unambiguous, "it is inappropriate to resort to rules of construction or extrinsic aids to construe the language." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). We have a duty to

"resist revising a statute under the guise of interpreting it." *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013). Moreover, and as is particularly applicable in this case, Texas courts have often held that tax statutes must be liberally construed in favor of the taxpayer and strictly construed against the taxing authority. *TracFone Wireless, Inc. v. Comm'n on State Emergency Commc'ns*, 397 S.W.3d 173, 182 (Tex. 2013); *Wilson Commc'ns, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex. 1970); *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 26 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This is particularly true when a statutory interpretation would result in forfeiture of the taxpayer's right of appeal. *See U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 33 (citing *J.C. Evans Constr. Co., Inc. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 449 (Tex. App.—Austin 1999, no pet.)).

Looking at the plain language of Section 42.08(b), and liberally construing it in favor of Exterran — the taxpayer — and its right to appeal, we hold Exterran was not required to pay anything before it appealed Webb County's decision in order to vest the trial court with jurisdiction. The statute specifically states a taxpayer is required to pay only *the lesser of* the undisputed portion of taxes, the amount due according to the order from which the appeal was taken, or the amount due from the preceding tax year. *See TracFone Wireless*, 397 S.W.3d at 182; *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 33. In this case, the lesser amount is zero. Our interpretation is not only supported by our interpretation of the plain language of Section 42.08(b), but by case law.

In *Central Appraisal Dist. v. Lall*, 924 S.W.2d 686, 690 (Tex. 1996), the supreme court, in upholding the constitutionality of a prior version of section 42.08(b) in response to an open courts challenge, specifically noted that requiring a taxpayer to pay the amount *he conceded was due* prior to appealing a taxing authority decision is a constitutional practice tracking the common law

rule. Thus, when the amount the taxpayer concedes is due is zero, requiring the taxpayer to pay something more might have constitutional implications under the open courts provision. *Cf. id.*

In *Pratt & Whitney Canada, Inc. v. McLennan Cnty. Appraisal Dist.*, 927 S.W.2d 641 (Tex. App. – Waco 1996, writ denied), the Waco Court of Appeals was called upon to decide the exact issue presented in this case — whether a taxpayer may, under the plain language of Section 42.08(b), make a prepayment of zero dollars when the entire amount of taxes assessed is in dispute. In *Pratt & Whitney*, the taxpayer contested the placement of business personal property on McLennan County's tax rolls, putting the entire taxable amount in dispute. *Id.* at 642. The taxpayer had never been taxed by the McLennan County Appraisal District before. *Id.* As in this case, the trial court dismissed the suit for want of jurisdiction on the ground that Pratt & Whitney did not pay any portion of the taxed amount prior to the delinquency date. *See id.* On appeal, the appellate court reversed the trial court's dismissal, holding that because the entire amount of taxes assessed by the taxing authority was in dispute, Pratt & Whitney was not required under section 42.08(b) to pay anything in order to vest the trial court with jurisdiction. *Id.*

As in *Pratt & Whitney*, the taxpayer in this case, Exterran, disputes the full amount of taxes assessed for the 2012 tax year. The only difference between *Pratt & Whitney* and the case before us is that the property in *Pratt & Whitney* had never been taxed in the appraisal district before, whereas here, Exterran was obligated to pay taxes to Webb County Appraisal District in tax years 2008 through 2011. Webb County contends this renders the decision in *Pratt & Whitney* distinguishable, and therefore, inapplicable. We disagree and find this is a distinction without a difference. Indeed, Exterran paid taxes to Webb County from 2008 until 2011. However, payment was made pursuant to a version of the Tax Code that was subsequently amended, prompting Exterran's belief that it was necessary to pay the taxes in question to Victoria County as opposed to Webb County, which it did.

Webb County points to numerous cases which it contends establish that some prepayment is necessary before jurisdiction vests with the trial court, pointing out that Texas courts have repeatedly held that if the taxpayer fails to pay some portion of the assessed taxes by the mandated date, the property owner has failed to substantially comply with section 42.08(b), divesting the trial court of jurisdiction. *See Lall*, 924 S.W.2d at 690; *Carter v. Harris Cnty. Appraisal Dist.*, 409 S.W.3d 26, 30–31 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *J.C. Evans Constr. Co.*, 4 S.W.3d at 451; *Gen. Motors Acceptance Corp. v. Harris Cnty. Mun. Util. Dist. No. 130*, 899 S.W.2d 821, 823 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Harris Cnty. Appraisal Dist. v. Dipaola Realty Assoc.*, 841 S.W.2d 487, 490 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Filmstrips & Slides, Inc. v. Dallas Cent. Appraisal Dist.*, 806 S.W.2d 289, 291 (Tex. App.—Dallas 1991, no writ); *Harris Cnty. Appraisal Dist. v. Consol. Capital Props. IV*, 795 S.W.2d 39, 41 (Tex. App.—Amarillo 1990, writ denied). However, we have reviewed the cases relied upon by Webb County and hold they are readily distinguishable. In each case cited by Webb County, there was a portion of taxes assessed that was not in dispute, mandating some payment under the plain language of section 42.08(b). For example, in *Carter v. Harris County Appraisal District*, the taxpayer did not dispute the appraisal district's authority to tax his property. 409 S.W.3d 26, 30–31. Rather, the issue was the appraised value of the property and whether the taxpayer's inability to pay by the delinquency date affected his ability to challenge the appraisal review board's valuation of his property. *Id.* Indeed, the court was not even called upon to consider whether the taxpayer complied with Section 42.08(b). *Id.* at 30. The taxpayer admittedly did not comply with Section 42.08(b), asserting he met the exception outlined in Section 42.08(d). *Id.* at 31. Thus, *Carter* — as with the other cases cited by Webb County — is distinguishable. As stated above, here, the entire amount assessed was in dispute — therefore, the lesser amount to be paid prior to an appeal was zero. Thus, the cases cited by Webb County do not mandate affirmance.

There is nothing in Section 42.08(b) that requires a taxpayer to pay something above zero when zero dollars is the lesser amount, i.e., the amount in dispute. We decline to interpret Section 42.08(b) to the contrary as such construction would be in favor of the taxing authority as opposed to the taxpayer, resulting in a forfeiture of Exterran's appellate rights, and therefore contrary to Texas law. *See TracFone Wireless*, 397 S.W.3d at 182; *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 33. Because the statute does not expressly require an amount greater than zero be paid, we decline to impose a payment requirement. What amount would Webb County have Exterran pay? There is nothing in the statute to suggest an amount under the circumstances presented here.

We note that United Independent School District raises another argument in support of the trial court's dismissal. The school district urges us to hold Exterran's alleged failure to submit with its appeal to the district court a statement in writing of the amount of taxes it proposed to pay deprived the trial court of jurisdiction over Exterran's appeal. *See* TEX. TAX CODE ANN. § 42.08(b-1). Admittedly, Section 42.08(b-1) requires an appealing property owner to include a "statement in writing of the amount of taxes the property owner proposes to pay." *Id.* However, the last sentence of section 42.08(b-1) specifically states that failure to provide the written statement is not a jurisdictional error. *Id.* This provision is applicable here. The provision was effective June 14, 2013, and specifically applies to all proceedings *pending on that date* or filed thereafter. *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 1259, § 29, sec. 42.08(b-1), 2013 Tex. Gen. Laws 3182, 3193. Exterran filed its appeal in the district court on January 10, 2013, and it was still pending in the district court on June 14, 2013 — the trial court did not sign its order of dismissal until April 1, 2014. Thus, by statute, Exterran's failure to supply a written statement at the time it filed its appeal was not jurisdictional error. *See id.*

**CONCLUSION**

Based on the plain meaning of Section 42.08(b)(1), and because the entire amount was in dispute, we hold Exterran was not required to make a prepayment of taxes to invoke the trial court's jurisdiction. Accordingly, the trial court erred in dismissing Exterran's tax appeal for want of jurisdiction. We therefore sustain Exterran's appellate complaint, reverse the trial court's order of dismissal, and remand the matter to the trial court for further proceedings consistent with this court's opinion.

Marialyn Barnard, Justice