# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00676-CV

### Travis Central Appraisal District, Appellant

### v.

### AGAS Ventures, LLC; GS Ventures, LLC; SAGA Ventures, LLC; SC Ventures, LLC; and ZIP Ventures, LLC, Appellees

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-008597, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Travis Central Appraisal District (TCAD) appeals from the trial court's denial of its motion to dismiss for want of jurisdiction. Appellees AGAS Ventures, LLC; GS Ventures, LLC; SAGA Ventures, LLC; SC Ventures, LLC; and ZIP Ventures, LLC, sued TCAD challenging the ruling on their protest asserting that TCAD overvalued their properties for tax purposes. TCAD moved to dismiss on grounds that Appellees forfeited their statutory opportunity for judicial review of the TCAD's valuation by failing to pay timely the undisputed portion of the taxes assessed. *See* Tex. Tax Code § 42.08. We will reverse the trial court's order and dismiss this cause.

## STANDARD OF REVIEW

We review de novo a trial court's denial of a motion to dismiss for lack of subject-matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Plaintiffs must allege facts that affirmatively show the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We look at the pleadings, construing them liberally in favor in the pleader's intent, and consider relevant evidence submitted by the parties when necessary to resolve jurisdictional issues. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621-622 (Tex. 2009). If there is no fact question apparent from the parties' pleadings and evidence presented on the jurisdictional issue, a district court rules on the jurisdictional issue as a matter of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We can consider a governmental entity's interlocutory appeal of a trial court's denial of a dismissal motion. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

## BACKGROUND

In December 2019, Appellees filed suit challenging final orders and/or orders determining protest on sixteen parcels of real estate by the Travis Appraisal Review Board at TCAD. They complained that TCAD improperly assessed the value of their properties and that the assessments exceeded the properties' fair-market value. They sought de novo review of TCAD's orders under Texas Tax Code Section 42.23(a).

In December 2021, TCAD filed an amended motion to dismiss contending that Appellees failed to timely comply with statutory prerequisites for challenging their tax assessments and thereby forfeited their right to judicial review. Tax obligations are delinquent if not paid by February 1 of the year after the year in which the taxes are imposed. Tex. Tax Code § 31.02(a). There is no dispute that Appellees paid no taxes by February 1, 2020. TCAD attached to its motion to dismiss receipts showing that Appellees paid taxes, penalties, and interest on their 2019 tax assessments on May 20, 2020. TCAD alleged that it reviewed its

2

records and found no evidence showing Appellees complied with any of the various means by which a party can preserve its ability to challenge the tax assessment, such as payment of the undisputed portion of the taxes assessed. *See id.* § 42.08(b)(1); *see also id.* § 42.08((b), (b-1), (c), (d).

Appellees responded that a fact issue existed on whether they made their payments before the delinquency date, arguing that the taxes were not "imposed" under Texas Tax Code Section 31.02—and therefore not owed and payments delinquent—until September 29, 2020, when the parties stopped negotiating the amounts of the assessments. Appellees filed emails and spreadsheets to show that offers and counteroffers were made from February 25, 2020, through July 30, 2020, and that negotiations continued until a mediation on September 29, 2020. Appellees argue that their tax payments made on May 20, 2020, were made before negotiations ended—and, thus, before the taxes were imposed—and were not delinquent.

The trial court heard argument and denied the motion to dismiss.

## DISCUSSION

TCAD contends that the trial court erred by denying its motion to dismiss because the Tax Code requires the timely payment of taxes to pursue a lawsuit for judicial review of an appraisal review board order, the Tax Code mandates forfeiture of the right to judicial review for the failure to timely pay taxes, and Appellees did not timely pay their 2019 property taxes.

This appeal turns on the interpretation and interplay of two Tax Code sections. Section 31.02 provides that, excluding exceptions not applicable in this case, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." Tex. Tax Code § 31.02(a). Section 42.08 provides that

3

(b) Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:

> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute;

. . . .

(d) After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. On the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

*Id.* § 42.08.

We review the trial court's construction of a statute de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). Our chief objective is to effectuate the legislature's intent shown by the unambiguous words of the statute without resort to statutory construction aids. *Combs v. Roark Amusement & Vending*, *L.P.* 422 S.W.3d 632, 635 (Tex. 2013). When a case involves whether a tax can be levied, tax statutes must be strictly construed against the taxing authority and liberally construed in favor of the taxpayer. *Texas Unemployment Compensation Comm'n v. Bass*, 151 S.W.2d 567, 570 (Tex. 1941); *see also*

4

*Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 271–72 (Tex. 1979); *Arch Petroleum, Inc. v. Sharp*, 958 S.W.2d 475, 478 (Tex. App.—Austin 1997, no pet.). Judicial review of administrative orders is not available unless all administrative remedies have been fully pursued. *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990). Compliance with the Tax Code is a jurisdictional prerequisite to pursuing judicial review, and failure to strictly comply with the timelines set forth in the code is a jurisdictional defect precluding review. *Fountain Parkway, Ltd. v. Tarrant Appraisal Dist.*, 920 S.W.2d 799, 801-02 (Tex. App.—Fort Worth 1996, writ denied). A property owner may avoid the forfeiture provision by substantially complying with either section 42.08(b) or (d), or some combination of both. *J.C. Evans Constr. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 450 (Tex. App.—Austin 1999, no pet.). Whether a property owner has substantially complied with section 42.08 is a factual matter to be determined by the trial court on a case-by-case basis. *Id.*

It is undisputed that Appellees filed their suit for judicial review in 2019, that they did not pay their 2019 taxes until May 2020 at which time they paid them in full, and that they were negotiating with TCAD regarding the proper 2019 tax valuation through September 2020. The dispute is whether the taxes were "imposed" before September 2020 and whether the parties' negotiations plus the May 2020 payment constituted substantial compliance with the Tax Code.[1]

---

[1] There was discussion in the trial-court hearing that this tax dispute happened against the backdrop of the COVID-19 pandemic and raised issues of fairness in that many tenants were excused from paying rent but landlords still had to pay taxes. We note that, while the COVID-19 virus was spreading across the world by February 1, 2020, the first reported case diagnosed in Texas was in early March 2020. *See* Texas Dept. State Health Servs., "DSHS Announces First Case of COVID-19 in Texas," (Mar. 4, 2020) (available at https://www.dshs.texas.gov/news-alerts/dshs-announces-first-case-covid-19-texas (last checked August 12, 2024)).

The Tax Code does not expressly state or define when the property tax is "imposed" but it does state that "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." Tex. Tax Code § 31.02(a). To "impose" means "to establish or apply by authority." https://www.merriam-webster.com/dictionary/impose (last viewed July 26, 2024). Stating that taxes are due on receipt is consistent with establishing or applying—and thus with imposing—the taxes. That conclusion is consistent with the provisions for preserving the opportunity for judicial review by paying the undisputed portion of the taxes. *See* Tex. Tax Code § 42.08(b). Those provisions imply that the undisputed portions of the taxes are due and have been imposed despite the disputed additional amounts. We conclude that taxes are imposed when they are due on receipt. While the parties' negotiations may have informed the amount of taxes in dispute, the negotiations did not delay imposition of all taxes on the properties.

This Court has noted that the failure to pay any taxes by the February 1 delinquency date generally results in forfeiture of the right to judicial review absent some showing of substantial compliance with an exception to the forfeiture rule. *J.C. Evans*, 4 S.W.3d at 451. This Court discussed a line of cases in which owners "did not pay by the due date and either eventually paid several months late or did not pay at all. In these cases, courts have routinely dismissed for want of jurisdiction, reasoning that *some amount* had to be paid by the due date." *Id.* (emphasis in original). This Court distinguished those cases from cases in which owners "timely pay most but not all the tax liability owing. When a portion of the taxes have been paid by the due date, courts have found substantial compliance sufficient to avoid forfeiture." *Id.* In *J.C. Evans*, however, this Court concluded that the owner preserved its right to judicial review without paying any tax by the February delinquency date by substantially

6

complying with the provisions for those unable to pay taxes. *Id.* (citing Tex. Tax Code § 42.08(d)). Though the owner did not file an oath of inability to pay by the delinquency date, the owner told the tax assessor-collector on the tax due date "that it could not timely pay and that it wanted to enter an installment agreement," entered an installment agreement on February 6, and signed an agreement on February 18 agreeing to begin payments that month. *Id.* This Court held that the arrangements made did not seriously hinder the objectives of the statute and were not a detriment to the taxing authorities because the owner swore he could not pay any faster than he agreed to pay the authorities. *Id.* at 451-52. This Court reversed the dismissal and remanded to the trial court to allow the taxpayer to present proof of compliance with the installment agreement to show full compliance with Section 42.08. *Id.* at 453.

By contrast, in this case, there is no evidence that Appellees were incapable of paying timely, no evidence of an agreement to allow payment past the delinquency date through installments or lump sum, and no payment of the undisputed amount by the delinquency date. The fact that Appellants paid in full more than three months after the delinquency date stopped the accrual of penalties and interest, but it did not preserve their right to judicial review. *See id.* at 451. The ongoing negotiations did not preserve the statutory right to review without more. The Houston First District Court of Appeals rejected an argument that the taxpayer failed to pay timely accidentally and not through bad faith, holding that "the cause of the payment being late is not part of the statutory inquiry." *Harris Cnty. Appraisal Dist. v. Dipaola Realty Assocs., L.P.*, 841 S.W.2d 487, 489-90 (Tex. App.—Houston [1st Dist.] 1992, writ denied). If an accidental failure to pay forfeits the opportunity for judicial review, surely a deliberate failure to pay does as well.

Appellees argue that the *EXLP* case shows that a dispute can preserve the opportunity to seek judicial review of a tax assessment, but that case is distinct because the record in that case established that the taxpayer believed that no taxes were due in Webb County on its business-personal property. *See EXLP Leasing, LLC v. Webb Cnty. Appraisal Dist.*, 511 S.W.3d 227, 228 (Tex. App.—San Antonio 2015, pet. denied). A company located in Victoria County leased equipment to a site in Webb County. *Id.* The company paid taxes on the equipment to Webb County from 2008 to 2011 because the Tax Code required payment to the county where the equipment was located. *Id.* In 2012, the company believed that a change to the Tax Code required it to pay tax on the equipment to the county where the owner company maintained its business address—Victoria County. *Id.* The company paid tax to Victoria County and protested the assessment of taxes by Webb County. *Id.* The company sought judicial review of the tax assessment, but the trial court dismissed the suit under Tax Code Section 42.08(b) because the company paid no amount of taxes by February 1, 2013. The court of appeals reversed, concluding that because the company contended that it owed zero taxes in Webb County, it had paid the amount of taxes that was not in dispute—zero. *See id.* (citing Tex. Tax Code § 42.08(b)(1)). Here, however, there is no allegation or evidence that Appellees contended that they owed zero taxes. Their payment of the full amount in May 2020 came too late to preserve their right to judicial review of the amount in dispute.

Appellees did not substantially comply with any reasonable construction of the review-preserving provisions of Section 42.08. The taxes were imposed no later than February 1, 2020; Appellees paid no taxes by that date; and Appellees did not take any action that expressly preserved their right to judicial review of the order denying their valuation challenge and setting the 2019 taxable values of their properties, nor did they allege or show that

8

they substantially complied with such provisions. They did not and do not contend that they owed no taxes for 2019 and they did not and do not contend that they were unable to pay any 2019 taxes on February 1, 2020. Their May 2020 payment did not demonstrate substantial compliance with any of the provisions that preserve the opportunity for judicial review of the tax-valuation order. We further conclude that the record shows no possibility that Appellants could replead to cure this jurisdictional defect. The trial court lacked jurisdiction and should have dismissed this cause. We sustain TCAD's sole issue.

## CONCLUSION

Concluding that Appellees forfeited their opportunity to seek judicial review, we reverse the trial court's order denying TCAD's motion to dismiss. We dismiss this cause.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Reversed and Dismissed

Filed: August 15, 2024

9