

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-23-00277-CV

_____

MICHAEL H. LIND AND MARY C. LIND, Appellants

V.

MICHAEL MORRISON, TRUSTEE OF THE MORRISON FAMILY TRUST D/B/A
MBM PROPERTIES, Appellee

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. DC30-CV2023-1150

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellants Michael C. and Mary H. Lind appeal from the dismissal of their de novo appeal of a justice court judgment. In a single issue, they contend that the district court erred by dismissing the appeal for want of jurisdiction. We reverse and remand.

## Background

The Linds, acting pro se, sued Appellee Michael Morrison, Trustee of the Morrison Family Trust, doing business as MBM Properties, in Wichita County small claims court to resolve a lease dispute. Morrison filed a counterclaim for $68.60 in back rent, plus attorney's fees. After a hearing, the justice court ordered that the Linds take nothing by their suit and that Morrison recover $68.60 in damages and $2,500 in attorney's fees. On June 17, 2023—seventeen days after the justice court signed the judgment—the Linds mailed a $500 cash deposit in lieu of bond[1] to the justice court's address. On June 21, 2023, the justice court clerk file-stamped the Linds' "Notice of Plaintiffs' Appeal by Cash Deposit," and the justice court signed an order— "immediately upon the granting and perfecting of the appeal"—transferring its file to the Wichita County district clerk.[2] The justice court's transfer order does not bear a

---

[1]The form of the cash deposit was a money order made payable to Morrison. A copy of the money order—and the envelope bearing a postmark of June 17, 2023—is included in the clerk's record.

[2]Appeals from the justice courts generally are to the county court, Tex. R. Civ. P. 506.2–.3, but a specific Texas Government Code provision gives "each district

file stamp from the justice court clerk but was file-stamped by the district clerk at 4:19:07 p.m. on June 22, 2023.

Also on June 22, 2023, Morrison filed an objection to the cash deposit in the justice court, arguing that the deposit should have been in an amount equal to twice the damages award plus attorney's fees because the Linds were defendants vis á vis his counterclaim, which is the claim that prevailed at trial. *See* Tex. R. Civ. P. 506.1(b). That same day, the justice court signed an order rejecting the Linds' cash deposit and ordering the justice court clerk to return or refund it.[3]

The clerk's record on appeal contains a letter from the district clerk to the Linds that is undated and does not bear a file stamp; that letter acknowledges receipt of the justice court's file and notifies the Linds[4] of the following:

> T.R.C.P. Rule 143 states, in part, that "If the appellant fails to pay the Court Costs of Appeal from the Judgment of a Justice of the Peace within twenty (20) days after being notified to do so by the Clerk, the Appeal shall be deemed not perfected, and the Clerk shall return all papers in said cause to the Justice of the Peace having original jurisdiction and the Justice of the Peace shall proceed as though no appeal has been attempted."

---

court in Wichita County . . . the civil jurisdiction of a county court," Tex. Gov't Code Ann. § 24.132(b); *Shaw v. Shaw*, No. 2-07-147-CV, 2008 WL 2002640, at *4 (Tex. App.—Fort Worth May 8, 2008, no pet.) (mem. op.).

[3]The record does not show whether the justice court clerk complied with this order.

[4]The copy in the record has "Michael & Mary Lind" superimposed over "Michael Morrison Trustee, of the Morrison Family Trust," after the word "Dear," so it is unclear to whom it was originally addressed.

This case will be filed in a Court of Wichita County, Texas upon receipt of $350.00 in court costs.

On June 28, 2023, the district court signed an order setting the case for a final hearing on July 18, 2023. That order has a notation at the bottom that it was copied to the Linds at their mailing address in South Dakota.

On July 11, 2023, Morrison filed a plea to the jurisdiction and motion to dismiss in the district court, recounting the justice court's rejection of the Linds' cash deposit and arguing that the appeal had not been perfected because the Linds had failed to comply with Texas Rule of Civil Procedure 506.1 by filing a sufficient bond or deposit. Morrison asked the district court to issue an order giving the Linds seven days to file a compliant bond or face dismissal. The district court did not rule on this motion, which Morrison eventually withdrew.

On July 13, 2023,[5] Morrison e-filed a "Response to Lind's Motion For Appearance by Electronic Means," which references a motion that Morrison's counsel had apparently received but that was not yet filed in the clerk's record. Morrison explained in his response that the Linds had moved to hold the final hearing by Zoom. Morrison did not object outright to holding the hearing via Zoom; instead—citing his understanding that the district court's policy "is that Zoom hearings are inappropriate where oral testimony will be offered"—he offered the district court "[t]he only potential resolution (other than an outright denial of the Motion)": allow

---

[5]The clerk's file stamp shows the time of filing as 5:36 p.m.

4

the Linds to appear by Zoom but not allow them to offer oral testimony and allow Morrison to appear in person and offer oral testimony.

On July 17, 2023, at 9:07 a.m., the district clerk file-stamped several documents from the Linds: (1) the above-referenced motion to appear via Zoom, which contains a certificate of service stating that it was mailed[6] on July 11, 2023;[7] (2) a "Plaintiffs-Counterclaim Defendants' Answer" setting forth affirmative defenses to Morrison's counterclaim; and (3) a letter to the district clerk, dated July 10, 2023, with an "attached . . . U.S. Postal Money Order made payable to Leslie Mannon, District Clerk, for the amount of $350.00 for court costs" and referencing the enclosed motions.[8] The letter concludes, "With the MOTION FOR APPEARANCE BY

---

[6]As pro se parties, the Linds were not required to e-file their pleadings. *See* Tex. R. Civ. P. 21(f)(1).

[7]The certificate of conference states that the Linds communicated with Morrison's counsel by email and that he neither opposed nor approved of their motion. They purported to set forth his emailed response as follows:

> I researched the matter set for July 18, 2023[,] and the setting notes indicate that is a final hearing. Because my client has a counterclaim, I do intend to offer oral testimony. So, if your request was to conduct that final hearing by zoom, I cannot agree to attend by zoom. I will be present in court because my client and I intend to offer oral evidence.
>
> I do not object to you appearing by zoom, but I don't know if the Court has the ability to conduct a zoom hearing where one party is present in court and the other is appearing by zoom.

[8]The file stamp on the cover letter also bears a time of 9:07 a.m.; the file stamp on the answer bears a time of 9:09 a.m.

ELECTRONIC MEANS being time sensitive relative to a scheduled July 18, 2023 hearing, please bring this Motion to the attention of the Judge at his earliest convenience."

The Linds did not appear at the final hearing. The district court noted that their motion to appear by remote means was pending; that it was "not granting it"; and that, therefore, "the plaintiff has failed to appear." The district court signed an order dismissing the Linds' appeal. The order recites that "[o]n June 22, 2023, the Clerk of this Court notified the Appellants to pay the Court Costs of Appeal," that "Appellants did not pay the Court Costs of Appeal within 20 days after being notified by the Clerk to do so," and that "[p]ursuant to Texas Rule of Civil Procedure 143a, the Appellants' appeal of the Justice Court Judgement [sic] in the above-captioned cause is deemed not perfected and this Court has no jurisdiction to hear the appeal of the [Justice] Court Judgment."

The Linds timely filed a notice of appeal from the district court's dismissal order. Additionally, they filed in the district court a motion to correct and reform the dismissal order, to which they attached a copy of an envelope addressed to them at their address in South Dakota, from the Wichita County district clerk, postmarked June 23, 2023, with a postage-meter mark on the same date. They also attached (1) a United States Postal Service receipt dated July 11, 2023, at 8:03 a.m. showing charges for mailing one package via Priority Mail and another package via "PM Express 2-Day," both with scheduled delivery dates of July 13, 2023, and (2) United States Postal

6

Service priority mail tracking information for the two-day express mail package, addressed to the district clerk's address, that indicated it was accepted in Rapid City, South Dakota on July 11, 2023, at 9:29:02, and delivered to Wichita Falls "IN/AT MAILBOX" on July 14, 2023, at 10:43.[9] The Linds did not request a hearing on this motion, and the district court never ruled on it.

We must decide in this appeal whether the district court erred by dismissing the Linds' appeal.

## Discussion

Texas Rule of Civil Procedure 506.1 governs appeals from the justice courts. *See* Tex. R. Civ. P. 506.1. A party timely perfects such an appeal by filing "a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs" in accordance with the rule, "within 21 days after the judgment is signed." Tex. R. Civ. P. 506.1(a), (h). "A plaintiff must file a $500 bond" or cash deposit while "[a] defendant must file a bond [or cash deposit] in an amount equal to twice the amount of the judgment." Tex. R. Civ. P. 506.1(b), (c). In addition, "[t]he appellant must pay the costs on appeal to a county court in accordance with Rule 143a." Tex. R. Civ. P. 506.1(i). Rule 143a provides,

---

[9]Although the tracking information does not specifically note that these times are before noon, we can discern that they are from the other tracking-information entries that use military time. Additionally, we take judicial notice that July 14, 2023, was a Friday, and July 17, 2023, was a Monday. *See* Tex. R. Evid. 201(b)(2); *Higginbotham v. Gen. Life & Acc. Ins.*, 796 S.W.2d 695, 696 (Tex. 1990).

> If the appellant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted.

Tex. R. Civ. P. 143a.

Compliance with Rule 506.1(a) and (i) and Rule 143a is jurisdictional; both filing requirements must be met for the appellate trial court to have jurisdiction over the appeal. *Mahrou v. White*, No. 03-22-00058-CV, 2023 WL 4980971, at *3–4 (Tex. App.—Austin Aug. 4, 2023, no pet.) (mem. op.); *Pichini v. Fed. Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 193 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Whether a party properly perfected an appeal from a justice court judgment is a question of law that we review de novo. *See Mahrou*, 2023 WL 4980971, at *3.

Here, the justice court judgment was signed on May 31, 2023; thus, the Linds were required to file their cash deposit on or before June 21, 2023. This they did. And contrary to Morrison's assertion, the Linds were not required to file a bond or cash deposit in an amount greater than $500. The Linds were plaintiffs in the justice court; that the justice court entered judgment on the defendants' counterclaim did not convert the Linds from plaintiffs to defendants in the de novo appeal to the district court. *See id.* at *4; *see Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[I]t is well-settled that perfection of an appeal

8

to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.").[10]

Additionally, the appellate record shows that the Linds timely complied with Rule 143a. Even without considering the evidence that the Linds attached to their motion to reform the dismissal order,[11] we conclude that the district court erred in its determination that the Linds did not timely comply because it failed to take into account the mailbox rule.

The district clerk's letter informing the Linds that they had to pay the court costs pursuant to Rule 143a is undated and is not file stamped. The docket sheet notes, on June 22, 2023, at 4:30 p.m., "Pauper's Oath Letter & Demand Letter mailed out."[12] At the final hearing, the district court stated, "That letter [presumably, the court-costs demand letter] appears in the Court's file on June 22nd of 2023." Assuming that the district court was justified in relying on June 22, 2023, as the

---

[10]Morrison cites no authority for his argument to the contrary, other than Rule 506.1(b) itself.

[11]Contrary to Morrison's argument on appeal, the proof of the date the Linds mailed the $350 that they attached to their motion to reform the dismissal order does not "directly controvert the Clerk's file," as we explain in greater detail below.

[12]Although docket sheet entries "may supply facts in certain situations," they are not conclusive. *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977); *cf. Hartwell v. Fundworks, LLC*, No. 02-23-00100-CV, 2024 WL 46053, at *4 n.6 (Tex. App.—Fort Worth Jan. 4, 2024, no pet. h.) (mem. op.) (noting ambiguity of docket entry and that such ambiguity "underscores why the considered recitations of a judgment should control rather than hurried entries made on a docket sheet or case summary").

mailing date of the district clerk's demand letter, the deadline for the Linds to pay the $350 was July 12, 2023. *See* Tex. R. Civ. P. 4, 143a. The Linds' motion to appear by remote means—enclosed with the cover letter accompanying their $350 cost payment and filed at the same date and time, July 17, 2023, at 9:07 a.m.—states (1) that the Linds received the district clerk's notice on July 7, 2023, and (2) that "[o]n July 11, 2023, [they] sent by U.S. Express Mail to the District Clerk of the 30th District Court of Wichita County, Texas this Motion and a U.S. Postal Money Order made payable to Leslee Mannon, District Clerk, for the amount of $350.00 for court costs for the filing of the appeal of Case No. SC2022-0419 transferred from Justice Court, Precinct 3, of Wichita County, Texas."[13]

Rule 5 of the Texas Rules of Civil Procedure provides,

If *any document* is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

Tex. R. Civ. P. 5 (emphasis added). This rule defines when a document has been deemed filed. *Bailey v. Hutchins*, 140 S.W.3d 448, 451 (Tex. App.—Amarillo 2004, pet. denied); *see Williams v. Schneiber*, 148 S.W.3d 581, 583–86 (Tex. App.—Fort Worth

---

[13]The address on the cover letter is Leslee Mannon, District Clerk, 900 7th Street, Room 108, Wichita Falls, TX 76301. This is the address on the district clerk's cost-payment letter to the Linds.

Sept. 30, 2004, no pet.) (applying Rule 5 to deadline for filing appeal bond in justice court appeal).

The record here shows that the Linds deposited the $350 cost payment with the United States Postal Service,[14] on or before the due date of July 12, 2023,[15] and that the district clerk received the payment within ten days thereafter. The documents included with their cover letter contained certificates of service indicating that the Linds served those documents on Morrison "on July 11, 2023[,] by placing same in the United States Mail with priority mail postage prepaid in a priority mail envelope addressed to said attorney of record at his last known mailing address," which was

---

[14]That the payment was sent via United States Express Mail, rather than merely first-class mail, is of no moment. *See Chau v. Select Med. Corp.*, 582 S.W.3d 413, 420 & nn. 3–4 (Tex. App.—Eastland 2018, pet. denied) (explaining that United States Postal Service's Priority Mail is an "expedited version of first class mail"); U.S. Postal Serv., https://www.usps.com/ship/priority-mail-express.htm#1 (last visited Mar. 7, 2024) (describing Priority Mail Express as "next-day to 2-day delivery service by 6 PM with a money-back guarantee"); *see also Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App.—Amarillo 1994, writ ref'd) ("[O]nce the provisions of Rule 5 are met, the post office becomes a branch of the district clerk's office for purposes of filing pleadings."); *Tex. Workers' Comp. Comm'n v. Hartford Acc. & Indem. Co.*, 952 S.W.2d 949, 952 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied) ("An instrument is deemed legally filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing." (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex. 1990))).

[15]The district court stated on the record that the due date was July 13, 2023. We note that the clerk's record shows that Morrison's counsel had received the motion to appear by remote means no later than July 13, 2023.

11

specifically listed on the documents.[16] Morrison filed a response to the motion to appear remotely on July 13, 2023, at 5:36 p.m. Despite, as Morrison claims, a lack of conclusive proof of the $350 payment's mailing date, all of the evidence in the clerk's record before the dismissal date is that the payment was mailed timely; there is no evidence to the contrary.

Morrison argues that the district court was "deprived . . . of an opportunity to consider the [Linds'] additional evidence" because the Linds did not seek a hearing on their motion to reform. But as we have explained, Rule 5 applies, and the district court's own file at the time of the dismissal order showed that the Linds had deposited the $350 money order with the United States Postal Service before July 12, 2023, and that the district clerk received the money order within ten days of the mailing date.

Morrison argues that even if the district court's determination under Rule 143a was in error, the district court was nevertheless authorized to dismiss the Linds' appeal because of their failure to appear at the final hearing. However, the district court's Order Setting Hearing, although ordering the Linds to appear, did not warn them that their case could be dismissed for a failure to appear. Instead, it warned them about the failure to appear without counsel: "You are hereby notified that Texas

---

[16]In response to the district court's questioning at the hearing about whether the Linds had timely paid the $350, Morrison's counsel stated that he was not aware they had not timely paid the amount because he "thought [he had] read a recital on one of their motions where they said they had made it."

Property Code 24.011 imposes restrictions on a party's ability to be represented by an individual that is not an attorney. Failure to comply with this requirement could affect your ability to present this matter to the Court." Therefore, the district court could not have properly dismissed the Linds' de novo appeal for a failure to appear. *See* Tex. R. Civ. P. 165a(1); *Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 646 (Tex. App.—El Paso 2022, no pet.). *But cf. Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004) (affirming dismissal for want of prosecution because "the parties were told to appear on a specific day at a specific time and that if they did not do so, the case could be dismissed for want of prosecution").

Having determined that the district court erred by determining that the Linds had not properly perfected their appeal and by dismissing it for want of jurisdiction, we sustain the Linds' sole issue.

## Conclusion

Having sustained the Linds' issue in this appeal, we reverse the trial court's dismissal order, and we remand this case for further proceedings consistent with the this opinion.[17]

---

[17]Morrison asks us to order the Linds to post a proper bond or cash deposit in compliance with Rule 506.1(b). Because it is unclear to us whether the justice court clerk returned the Linds' $500 cash deposit in lieu of bond in accordance with the justice court's order, and because we reject Morrison's argument that a cash deposit of $2,568.60 is required, we deny this request.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  March 14, 2024